## Fayette County, et al. v. Wells, et al.

(Decided June 28, 1922.)

## Appeal from Fayette Circuit Court

1. Taxation—Powers of State Tax Commission—Equalizing Appraisement.—The State Tax Commission has power to equalize the appraisement of property made by the tax commissioners of the several counties of the state after it has been supervised by the county board

2. Taxation—Raise by State Tax Commission—Hearing—Appeal to Court of Appeals.—If a county be dissatisfied with a tentative raise made by the state board of its property, or of certain classes thereof, it may have a hearing before the State Tax Commission and introduce witnesses. If after this hearing the state board sustains its original raise, or make any increase in any of the classes of property of said county the fiscal court of the county may, if dissatisfied with the final direction of the State Tax Commission, pass a resolution referring the controversy to the courts for determination; and if the fiscal court pass such resolution and through its county attorney thereafter file with the clerk of the Franklin circuit court a statement showing, in detail, the reason why said raise of its property is unfair or unjust, every question presented can be fully litigated, and if either party be dissatisfied with the result of the trial in the circuit court an appeal lies to this court.

3. Taxation—Raise by State Tax Commission—When Finding Final.—If after receiving notice of the state board's final determination to make a raise of the property of a county, the fiscal court thereof fails to pass the necessary resolutions, or to cause an appeal to be prosecuted to the circuit court of Franklin county within the time limited by the statutes, the county loses its right to appeal, and the finding of the State Tax Commission becomes final and conclusive upon the county, and it must comply with the orders of the State Tax Commission with respect to the total valuation fixed upon any or all classes of property in said county.

4. Taxation—Powers of State Tax Commission—Reassessment.—The State Tax Commission has no right or authority to send its agents or employes into a county to make a house to house canvass of the taxpayers for the purpose of reassessing the property of said county.

5. Taxation—Expenses Incurred by State Tax Commission.—All expense incurred by the State Tax Commission in the reassessment or equalization of the property of a county must be borne by the state.

6. Taxation—Raise by State Tax Commission—Board of Supervisors.—After a raise of property of a county, as made by the state board, has become final and binding on the county either by

failure to prosecute an appeal therefrom in due time, or by reason of a judgment where an appeal has been taken, it is the duty of the fiscal officials of the county to asssemble a board of supervisors whose duty it shall be to so supervise and equalize the property of the county as to make the valuation of each class amount to the sum fixed by the state board, or by judgment, if there be one; and if the county judge refuse to appoint or otherwise provide a board of supervisors, or such board after appointment and qualification, fail to perform its duties, mandamus will lie to compel such performance.

7. Taxation—Board of Supervisors—Reassessment.—While the county board of supervisors has a discretion which it may freely exercise in the reassessment and equalization of the property of its county, it has no discretion with respect to the amount of the raise made by the State Tax Commission after it has become final, or after the judgment of the court fixing the amount, but said county board, while exercising its discretion in the equalization of the property, must bring each class of property raised by the state board up to the amount which was fixed or was adjudged by the court if an appeal was taken.

8. Taxation—Equalization and Reassessment—Section 4114i-18 Kentucky Statutes, was passed for the purpose of providing a more speedy and less expensive mode of equalization and reassessment, and supersedes, by necessary implication, that part of section 4128a-3 in so far as the latter section provides for a house to house canvass for reassessment or equalization.

GEORGE C. WEBB, GEORGE R. HUNT, S. S. CARRICK and R. W. KEENON for appellants.

CHARLES I. DAWSON, Attorney General, for appellees.

OPINION OF THE COURT BY JUDGE SAMPSON—Reversing in part and affirming in part.

The judgment from which this appeal is prosecuted was rendered in the Fayette circuit court on June 14, 1922, in an agreed action under section 637, et cetera, wherein Fayette county, et al., were plaintiffs, and the State Tax Commission and its members were defendants, instituted for the purpose of obtaining a construction of the revenue and taxation laws of this Commonwealth enacted at the special session of 1917, and the regular sessions of 1918 and 1920, especially with respect to the mode of procedure which the State Tax Commission, the county board of supervisors and tax commissioner of Fayette county should adopt under the agreed state of facts set forth in the pleadings, to which pleadings is attached a prayer that the court consider

the facts as set out in the statement and questions of law involved, and to determine whether or not those provisions of the revenue and taxation act under which the State Tax Commission is proceeding as herein set out, are valid and enforceable, and if valid in what way the State Tax Commission is authorized to exercise its authority thereunder, and in case the court should be of opinion that the State Tax Commission has the right to make such reassessment, how same should be made and what duties the taxpayers will be under with reference to the making of said reassessment; that the court determine what will be the duties of the new board of supervisors appointed to act on said reassessment, if same should be held to be authorized under the law, and to adjudge whether or not the action of such board of supervisors will be final and conclusive, and that the court make such orders in this case as will make effective, as far as it has the power to do so, whatever judgment it may render herein. A trial was had and judgment rendered sustaining the right of the State Tax Commission to increase the assessment of property in Fayette county and to make reassessment thereof provided the increase should not exceed the fair cash value of the property to be fixed at a sum in excess of what similar property is assessed in other parts of the state; that the State Tax Commission, through its agents and employes, could go into Fayette county and there collect information and data relative to the value of property owned by the taxpayers for the purpose of making said reassessments, or could make a house to house canvass of the taxpayers of that county for the same purpose, but adjudging that the reassessment of property in that county by the State Tax Commission should be at the state's expense and no part of said cost should be charged to the county of Fayette; that the assessment may be made by the state board in either of three ways: (1) from the schedules of the original assessment; (2) from the tax books made out by the county tax commissioner; (3) by a house to house canvass. In cases of raise by the State Tax Commission each property holder whose property is affected thereby must have notice and an opportunity to be heard; that the said board might compel the attendance of witnesses and receive evidence concerning the nature and value of property. From this judgment the county of Fayette, et al., appeal.

The powers and duties of the State Tax Commission are fully set out and defined in sections 4114i-11 and 4114i-12, Kentucky Statutes, and are very definite, broad and comprehensive.

The pleadings confess that the regularly elected, qualified and acting Tax Commissioner of Fayette county, at the time and in the manner provided by law, as of July 1, 1921, made an assessment of the property of Fayette county for the purpose of taxation for the year 1922, but it is the contention of the State Tax Commission that in making said assessment the said county commissioner failed to assess said property at its fair cash value, estimated at the price it would bring at a fair voluntary sale, or at a value equivalent to that at which other property of like character is assessed in other counties of the state. It is also admitted that the county tax commissioner furnished recapitulations and schedules of all property of said county to the State Tax Commission and otherwise performed such ministerial duties as devolved upon him as such officer; that said State Tax Commission received said recapitulations, and at the time and in the manner provided by law met at the State Capitol as a board of equalization for the purpose of equalizing the assessment with the assessments of other counties; that while sitting as such board of equalization and after having examined the recapitulation of the tax commissioner's books of Fayette county and after having compared the same with the data which the State Tax Commission had obtained from other sources, found that the lands, town lots and tangible personal property other than livestock, assessed for taxation in Fayette county, were not assessed at their fair cash value estimated at the price the said property would have brought at a fair voluntary sale on July 1, 1921, and the said property was not assessed at as great a percentage of said fair cash value as other property of the same character in the state located outside of Fayette county was assessed as of said date, and said State Tax Commission entered a tentative order on its records directing that the assessed value of lands in Fayette county, on July 1, 1921, should be increased $600,000.00; that the assessed value of town lots as of said date should be increased $3,000,000.00 and that the assessed value of the tangible personal property other than live stock should be increased $7,500,000.00; that the State Tax Commission gave to the county court of Fayette county notice, by

letter addressed to the county judge of Fayette county, fixing a date and place for hearing, if it should be desired by the county to have a hearing; that witnesses appointed by the county judge of Fayette came before the Tax Commission at the time and place fixed for said hearing for the purpose of showing cause why said proposed raise should not be made; that after said hearing the State Tax Commission entered a final order directing that the assessed value of lands in Fayette county as of July 1, 1921, should be increased $600,000.00; that the assessed value of town lots as of said date should be increased $3,000,000.00 and that the assessed value of tangible personal property other than live stock, should be increased $6,400,000.00. It is further agreed between the parties that at said hearing the State Tax Commission had before it evidence to the effect that the increase directed to be made by the State Tax Commission, if made, would not result in assessing the property of Fayette county as of July 1, 1921, at any greater percentage of its fair cash value than any other similar property of the state outside of Fayette county is assessed, and that the said State Tax Commission did act upon the said evidence in entering said final order, and all this was duly certified to the clerk of the Fayette county court; that no appeal was prosecuted by the fiscal court of Fayette county from the final decision of the State Tax Commission, but the county board of supervisors appointed by the county judge of Fayette, at the January term 1922, met at the time and in the manner provided by law for the purpose of discharging their duties; the county court clerk at the time and in the manner provided by law laid before the said county board the final action and direction of the State Tax Commission as the same had been certified to him; that the said board of supervisors after considering the order and direction of the State Tax Commission and after considering other evidence it had before it, made some increases in the different classes of property but not in conformity to the order of the State Tax Commission, and after returning the tax books to the clerk the board of supervisors adjourned; the results of the said supervision by the county board of Fayette having been transmitted in proper form to the state board, said board on May 18, 1922, entered an order directing a reassessment and equalization to be made by the State Tax Commission and its duly authorized agents of all property of

every character and kind in Fayette county, as of July 1, 1921.

It is the contention of Fayette county that the State Tax Commission has no authority or right to order or to make a reassessment of the property of that county for the purposes of taxation for the year 1922, nor has it right or authority to employ or send its agents or representatives into Fayette county for the purpose of making such reassessment. It also contends that before any reassessment may be legally made, proper notice of such action must be given to every person whose property is proposed to be reassessed, and that as the act under which the State Tax Commission is proposing to proceed to reassess the property of said county does not provide for a notice to such taxpayers, none can be given, and the act on that account and to that extent is unconstitutional and void. Fayette county also claims that in any and all events the county judge of Fayette must appoint the board of supervisors and that this board has quasi judicial functions which it may freely exercise without restraint or interference from the courts, and this board having been appointed and having performed its duties within a sound discretion, its conclusions cannot be overturned by the State Tax Commission or in any way save by appeal of the individual taxpayer, as provided in section 4128, Kentucky Statutes. In addition to the foregoing there are many other contentions and semi-contentions made both by the county of Fayette and the State Tax Commission with respect to their rights and powers which we deem it unnecessary here to set out.

Our standard of valuation and appraisement of property for the purposes of taxation are fixed by section 172 of our Constitution which reads, "All property, not exempted from taxation by this Constitution, shall be assessed for taxation at its fair cash value, estimated at the price it would bring at a fair voluntary sale." We think it may be admitted that the State Tax Commission has not only power to equalize the assessed value of property of the various counties of the state, but by pursuing the course pointed out by our revenue and taxation laws may enforce the same either directly or if necessary through the medium of the courts.

We think a large part of the apparent irreconcilability of section 4128a-3 with section 4114i-18 will vanish with an understanding of the history of the legislation.

The entire revenue and taxation laws of the state were revised and systematized at the special session of the General Assembly of 1917. The acts of that session were intended to constitute and were in fact a complete system for appraisement and assessment of property and levy and collection of taxes both for the state and all counties and municipalities. As a part of that act, section 4128a-3 was incorporated. In 1920 the General Assembly passed another act amendatory of said section which was intended to cure some of the defects of the original act, and the amendment has by some means been printed in the recent edition of Carroll's Kentucky Statutes, 1922, as a part of section 4128a-3, the act of 1920 following immediately the said section in the statutes.

It is first insisted that section 4128a-3, Kentucky Statutes, is in conflict with section 181 of our Constitution, which provides, "The General Assembly shall not impose taxes for the purposes of any county, city, town or other municipal corporation, but may, by general laws, confer on the proper authorities thereof, respectively, the power to assess and collect such taxes . . . ." In support of this contention appellants say that the state, through its tax commission, is attempting to impose taxes on the county of Fayette, and that this is specifically prohibited by said section of the Constitution. A careful reading of this section, however, does not sustain the contention of appellants. The State Tax Commission is not attempting to, nor could it, impose taxes on the county of Fayette. All it is undertaking to do is to equalize the property of the state, according to the provisions of the statutes on the subject which give it the power to lower or raise the assessment made by the tax commissioner of Fayette county as supervised by the Fayette County Board. This is in no sense an imposition of a tax but is merely an appraisement or valuation of the property of the taxpayers of that county, which is sought by the State Tax Commission. It, therefore, appears that the board was acting within its legal rights when it gave notice to Fayette county in the manner directed by the statutes, section 4114i-17, that the board had made a tentative raise of appraisement of certain classes of its property and fixed a day on which to hear witnesses and representatives of the county upon said proposed raise, and it was also within its rights when, after hearing such evidence and considering the same with other facts before the board, it made a final

raise of $600,000.00 on lands; $3,000,000.00 on town lots, and $6,400,000.00 on tangible personal property, and gave notice to the said county of the said final raise. There does not appear to be a conflict between section 181 of our Constitution and the sections of the revenue and taxation laws under consideration when properly construed. After this was done by the State Board of Tax Commissioners a duty devolved upon the county of Fayette and its fiscal officials to either comply with the requirements of the State Board of Tax Commissioners, or to appeal to the courts in the time, way and manner provided in section 4114i-18, Kentucky Statutes. The county did neither, but it assembled a board of supervisors and made some increases on the different classifications of property listed for taxation, but which increases did not correspond with nor amount to that required by the State Tax Commission. Had the county complied with the orders of said commission that would have ended the matter; or, if the fiscal court of Fayette county had in the manner directed by section 4114i-18 Kentucky Statutes, passed a resolution to submit the question to the courts for review and correction, and had within the time limited prepared a statement showing in detail wherein the action of the State Tax Commission was unfair and unjust to the county, and filed the same in the office of the clerk of the Franklin circuit court, it could have litigated every question involved and procured a final determination of the correctness or unfairness of the said increase of appraisement made by the State Tax Commission of the property of the county. Failing, however, to take such appeal as provided by the said section of the statutes, and in the way and manner therein set out, the county lost its right to appeal, and the appraisement made by the State Tax Commission at once became final and conclusive upon the county, and it was and is bound to assemble its board of supervisors and reassess and equalize the lands of the county so as to increase the assessed value of lands $600,000.00; town lots $3,000,000.00, tangible personal property $6,400,-000.00. It has no option. It must bring said classes of property up to said sums by appraisement and equalization. It has had its day in court, although it failed to prosecute an appeal as allowed by law within the time prescribed. The due process of law clause of the Constitution has not been violated.

In making such equalization the board of supervisors of Fayette county must, according to section 4122 of the statutes, give notice in the manner therein pointed out to each taxpayer whose property is raised, and fix a time and place at which he may be heard, if he desires to object to such raise. Negley v. Henderson Bridge Company, 107 Ky. 414. From this raise, as finally fixed by the county board of supervisors, the individual taxpayer of Fayette county may appeal to the quarterly court, thence to the circuit court, and finally to this court, if he desires to do so. Royer Wheel Co. v. Taylor County, etc., 104 Ky. 741.

Again it is said the State Tax Commission is proposing under section 4128a-3 to send its agents and assistants into the county of Fayette to make a reassessment of its property and to charge the cost thereof to the county. With respect to the imposition of the cost of the reassessment by the State Tax Commission upon the county, we think it sufficient to say that the Commonwealth, through its agency, the tax commission, has no power to impose upon a county such a charge nor to appropriate funds of the county to the payment of obligations created by the state or its said agencies. While we have not had this exact question before us, we have discussed and have decided analogous questions in the cases of Campbell County v. City of Newport, 174 Ky. 712, and McDonald v. City of Louisville, 113 Ky. 431. A very enlightening discussion upon the general subject may be found in Justice Cooley's work on Taxation (third edition), p. 1353; 18 R. C. L. pp. 210-214 and 277.

Neither do we think the State Tax Commission has authority, as claimed by it, under section 4128a-3, to make a reassessment and equalization of the property of a county in cases where the county board of supervisors neglect to carry out orders of the state board by sending into the county its agents and representatives to make a house to house canvass of the taxpayers for the purpose of making said reassessment. True the said section provides for just such a thing, but said section is a part of the original act passed in 1917 before the passage of section 4114i-18, providing for equalization and judicial review in cases where the county is dissatisfied with the raise in appraisement made by the state board. These two sections were intended to accomplish the same purpose. They were enacted at different times. The legislature, no doubt, concluded that the method first

adopted, section 4128a-3, was too cumbersome and expensive, so it provided a more direct, speedy and less expensive mode of accomplishing reassessments and equalizations as set out in section 4114i-18. With the latter section in full force, section 4128a-3 providing for reassessment by the State Tax Commission by a house to house canvass is by necessary implication repealed because the method provided in section 4114i-18, which is a more recent act, provides a decidedly more reasonable, complete and adequate remedy to both the county and the tax commission for the adjustment of controversies concerning the valuation of the different classes of property in a county, which remedy is wholly inconsistent with the previous act. We, therefore, hold that in so far as section 4128a-3, Kentucky Statutes, passed in 1917, conflicts with section 4114i-18, which became a law in 1920, the former is repealed and the latter act supersedes it, and thus provides a complete system for settling all controversies between the State Board of Equalization and the county. It renders the reassessment by a house to house canvass, provided for in section 4128a-3 wholly unnecessary. The cost, therefore, of the assessment which is made by the state board, directing the county board of supervisors to so revise and equalize the valuation of the property, or of any class of property in said county as to make the total assessed value of all said property, or of such of said classes of property, amount to the sum finally fixed by the State Board of Commissioners, or by the courts, if an appeal be prosecuted in the way and manner provided in section 4114i-18, nominal and of no consequence, and this must be borne by the state. Moreover, a reassessment of the property of a county by the agents of the State Tax Commission would be very obnoxious to the citizens of Fayette county and such a system, if resort should be had to it, would be repugnant to the spirit of our Bill of Rights as well as contrary to the principles of free local self-government.

It is plain from chapter 147, page 652, Acts of 1920, that notice shall be given in every case where an assessment of property is raised before it can become effective. The act is not, therefore, unconstitutional on the ground that no notice is provided and consequently due process of law cannot result.

After the state board has finally fixed the valuation placed upon the different classes of property in a given

county and the county has failed to prosecute an appeal within the time limited, the action of the board becomes final and conclusive and the county is bound through its proper fiscal officials to raise the valuation of the different classes of property to conform to the ruling of the State Tax Commission. While the county board of supervisors have a discretion in the matter of equalizing the property of the different classes to conform to the ruling of the state board, the county board has no discretion as to the amount of the raise, and if it fails to comply with the orders of that commission, the commission may by mandamus require the county board of supervisors to perform this function as a legal duty from which there is no escape. It may be urged that as the board of supervisors have adjourned, no mandamus will lie against that board. It is the duty of the county judge to convene such a board, in such an emergency, and if he fails to do so, mandamus will lie to compel the performance of this duty enjoined by chapter 147, page 652, Acts of 1920.

For these reasons the judgment is affirmed in part and reversed in part for proceedings consistent with this opinion.

Whole court sitting.