## Farm Bureau of Calloway County, et al. v. Pool, Sheriff, etc.

(Decided October 31, 1924.)

### Appeal from Calloway Circuit Court.

1. Taxation—Reassembled Board of Supervisors Authorized to Raise Assessment Certified by State Tax Commission.—Where State Tax Commission certified raise of assessment of county, pursuant to Ky. Stats., section 4114i-18, and county judge made order for former board of supervisors to reassemble, such reassembled board had authority to make raise under section 4128a-3, and it was not necessary for county judge to appoint new county board of supervisors.

2. Taxation—Remedy Provided by Law Must be Taken where Assessment Erroneous.—Where law has provided remedy for appeal from erroneous assessment, no other method can be followed, and where no remedy was sought under Ky. Stats., section 4114i-18, subsection 2, or under section 4128, subsequent suit by taxpayers did not lie to enjoin delivery of tax books and collection of taxes upon increased valuation.

3. Pleading—Allegation that there was no Quorum During Sitting of Board of Supervisors was Mere Conclusion.—Allegation that there was no quorum during sitting of board of supervisors, when raising taxes after certification of raise by State Tax Commission, was only conclusion of pleaders in action to enjoin collection of tax, and plaintiffs should have stated what members were absent.

4.  Taxation—Persons Sitting with Board of Supervisors in Work on Tax Books had no Official Connection Unless some Order was Made of Record.—Unless some order was made of record, men sitting with and acting with county board of supervisors in their work on tax books, after raise of assessment was certified by Tax Commission, had no official connection with board.

5.  Taxation—Board of Supervisors After Certification of Raise in Assessment by State Tax Commission were Not Required to Give Hearing to Taxpayers.—Where board of supervisors was reassembled to raise assessment in county, following certification of raise by State Tax Commission, and gave notice to taxpayers of increase it was going to make, taxpayers were not entitled to hearing; their only remedy being appeal under Ky. Stats., section 4128.

WEAKS & PHILLIPS and E. P. PHILLIPS for appellants.

R. T. WELLS, R. H. HOOD, CHARLES I. DAWSON, Attorney General, and MARTIN T. KELLEY, Assistant Attorney General, for appellees.

OPINION OF THE COURT BY DRURY, COMMISSIONER—
Affirming.

In 1922 the county court of Calloway county at its January term appointed a board of supervisors to equalize the assessment made by the assessor in 1921 of the property in Calloway county. The State Tax Commission certified a raise of the assessment of Calloway county to the county clerk of Calloway county, pursuant to section 4114i-18 of Kentucky Statutes.

The fiscal court of that county did not deem it proper to ask a review of that action as provided by said section, and the county judge made an order in May, 1922, for the board of supervisors to reassemble, and to comply with the order of the State Tax Commission.

By section 4128a-3 it is made the duty of the county judge when the State Tax Commission directs a reassessment and equalization of all or any of the property in the county, to appoint "a county board of supervisors."

It will be observed that in this instance the county judge directed the board which he had appointed in January preceding to reassemble, and this board did reassemble and did raise the assessed value of the property of Calloway county about $2,000,000.00, as required by the State Tax Commission. It is insisted now that this raise was invalid because it was made by this reassembled

board, and the appellants insist that a new board should have been appointed.

In the case of Fayette County v. Wells, 195 Ky. 608, 243 S. W. 4, it was decided that the State Tax Commission had the right and the power to equalize the assessed value of the property of the various counties of the state. So that is no longer a question, and the question in this case is: Had the county judge power to reassemble the board of supervisors which he had appointed in January, 1922, and which had discharged its duties as it saw them, and adjourned; or, was it the duty of the county judge to appoint a new board to carry out the directions of the State Tax Commission?

Undoubtedly, a new board might have been appointed, but our attention is not called to any provision of the law disqualifying the members of the old board, and when the county judge directed them to reassemble, that order was equivalent to their reappointment for the purposes of carrying out the directions of the State Tax Commission. There is every reason to believe that this old board thus reappointed could do this work better than an entirely new board, and this court indicated as much in the Wells case, *supra,* when it said that

> If the county board of supervisors have adjourned so that mandamus will not lie against the board to compel it to raise the assessed valuation of the county, to comply with the orders of the State Tax Commission, mandamus will lie to compel the county judge to perform the duty enjoined on him by act 1920, chapter 147, *to convene the board for that purpose.*

> Failing, however, to take such appeal as provided by the said section of the statute (meaning the section referred to *supra*) and in the way and manner therein set out, the county lost its right to appeal, and the appraisement made by the State Tax Commission at once became final and conclusive upon the county, and it was and is bound to assemble *its board of supervisors* and reassess and equalize the lands of the county.

The taxpayers of Calloway county had two remedies. One was provided by subsection 2 of section 4114i-18, which contemplates an action by the fiscal court on behalf of the entire county. None was taken in this case. The

other remedy contemplates an action by the individual taxpayers, and is provided by section 4128 of the Kentucky Statutes. In this case the fiscal court declined to take any action, and after the raise in the assessed value of the property of the various taxpayers of the county had been made none of them took any action, as contemplated by section 4128; but the Farm Bureau and about nine hundred taxpayers of the county filed this suit in which they sought to enjoin the clerk of the Calloway county court from delivering to the sheriff of Calloway county the tax books, including the raises complained of, and sought to enjoin the sheriff from collecting taxes upon the increased valuation of the property of these various taxpayers, as fixed by this board of equalization. Where the law has provided a remedy by an appeal from an erroneous assessment, that remedy must be taken and no other method can be followed. Mossett v. Newport & Cin. Bridge Co., 106 Ky. 518, 50 S. W. 63; Marion County v. Wilson, 105 Ky. 302, 20 Ky. L. R. 1193, 49 S. W. 8; Sanford v. Roberts, Sheriff, 193 Ky. 377, 236 S. W. 571.

In their petition they allege that there was no quorum during the sitting of this board. That is only a conclusion of the pleaders. If there was, in fact, less than the entire board in session at the time this raise was made the appellants should have stated what members were absent, and from that statement the court could have concluded whether or not there was a quorum.

In their petition appellants contend that the county judge appointed some forty-eight men as members of the board to sit with and act with the county board of supervisors in their work on the tax books, but further in their pleading they say that no order of the county court was made appointing these people. Unless some order was made of record, then these men had no official connection with the board and if they were present they were probably present only as witnesses or as unofficial help.

The appellants further complain that the board failed to give a hearing to the various taxpayers when they were summoned to show cause why the assessed valuation of their property should not be increased. In their brief, the appellants say that at this hearing when a taxpayer presented himself he was asked if his complaint was that a clerical error had been made in his assessment, or that his property was listed too high, and that the taxpayer was further told that the board could do nothing for him.

This board had already equalized the tax books of the county, and those tax books already showed what the board believed was the proper assessed value of the property of the various taxpayers. The State Tax Commission had found that the property of Calloway county was assessed too low, and had directed that the assessed valuation of this property be increased. There was nothing for this board of supervisors to do but to increase it and it would have been impracticable for it to have undertaken to have heard in detail the complaint of each of the four thousand taxpayers of the county, the assessed valuation of whose property was increased, and the board did the sensible thing. It gave the taxpayer notice of the increase it was going to make in the assessed valuation of its property. It then made the increase, and the taxpayer had his remedy by appeal to the quarterly court.

As we have stated before, all these taxpayers had a remedy under section 4128, and they did not pursue it, but sought by this proceeding to accomplish that which the legislature provided should be done in another way.

The appellees demurred to the petition, and the court properly sustained the demurrer.

The judgment is affirmed.