## Johnson, Sheriff of Pike County v. Fordson Coal Company.

(Decided March 9, 1926.)

### Appeal from Pike Circuit Court.

1. Taxation—Failure of State Tax Commission to Certify Assessed Value of Property and Taxes Prior to June 1st, as Provided in Statute, Held Not to Invalidate Assessment (Acts 1924, c. 109, Section 4).—Failure of state tax commission to complete equalization of assessments and certify change to auditor of public accounts prior to June 1st, under Acts 1924, c. 109, section 4, held not to invalidate assessment; statute being merely directory.

2. Constitutional Law—Taxation—Statute Providing for Equalization of Taxes by State Tax Commission Held Not Unconstitutional as Violative of Fourteenth Amendment of Federal Constitution (Acts

Ky. 1924, c. 109, Sections 7, 8).—Acts Ky. 1924, c. 109, sections 7, 8, empowering state tax commission to equalize assessments, held not to deny due process of law or discriminate among taxpayers, in violation of Fourteenth Amendment of federal Constitution.

3. Constitutional Law—Statute Empowering State Tax Commission to Equalize Assessments Held Not Violative of State Constitution (Acts 1924, c. 109, Sections 7, 8; Constitution Section 2).—Acts 1924, c. 109, sections 7, 8, empowering state tax commission to equalize assessments, held not to authorize arbitrary assessment, and is therefore not violative of state Const. section 2.

4. Statutes—Statute Empowering State Tax Commission to Equalize Assessments, and Providing for Appeal to Franklin Circuit Court, and Thence to Court of Appeals, Held Not Violative of State Constitution (Acts 1924, c. 109, Sections 7, 8; Constitution Section 59).—Acts 1924, c. 109, sections 7, 8, authorizing state tax commission to equalize assessments, and providing for appeal by taxpayer to Franklin circuit court, and thence to court of appeals, held not violative of state Constitution, section 59; provision of act relating to appeal being merely regulation of venue, and not jurisdiction.

5. Counties—Statute Authorizing State Tax Commission to Equalize Assessments Held Not Violative of Any Right of Local Self-Government (Acts 1924, c. 109).—Acts 1924, c. 109, authorizing state tax commission to equalize assessments of citizens of state for state revenue purposes, held not violative of any right of local self-government.

FRANK E. DAUGHERTY, Attorney General, GARDNER K. BYERS, Assistant Attorney General, and RAINEY T. WELLS, for appellant.

CLIFFORD B. LONGLEY, W. R. MIDDLETON and HARMAN, FRANCIS & HOBSON for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CLARKE— Reversing.

Section 7 of chapter 109 of the 1924 Acts empowers the State Tax Commission, acting as a state board of equalization, and for the purpose of equalizing the assessments of property among the counties and among the different classes of property and among individuals, companies, corporations and associations, to increase or decrease the aggregate assessed valuation of the property of any county or taxing district or any class of property or any item in any class; or to increase or decrease the assessed valuation of property of any individual, company, association, copartnership or corporation. That section further provides that before making any such increase or decrease it must first give notice of not

less than five days to the county judge of the county and the party to be affected, of its intention to make such increase or decrease and afford such party and the county judge an opportunity to be heard.

Section 8 provides for the certification of the final assessment in any event to the proper officers to secure collection of the taxes thereon; and provides for an appeal by any party from the action of the State Tax Commission in increasing or decreasing assessments to the Franklin circuit court and thence to the Court of Appeals.

Acting under the authority conferred by section 7 of the act, the State Tax Commission on June 3, 1924, gave appellee, Fordson Coal Company, notice of its intention to increase the assessment of its properties in Pike county, Kentucky, and set the hearing for June 16, 1924. Appellee appeared, was heard and on August 8 the commission entered an order increasing its assessment $690,-743.00 and certified same to the proper officers for collection of taxes due thereon. Appellee did not appeal from that order to the Franklin circuit court as provided in section 8 of the act but treated same as void and instituted this action in the Pike circuit court to enjoin the sheriff of the county from collecting the taxes due upon the increase in its assessment. The judgment appealed from grants it that relief.

To sustain that judgment it is argued for the appellee that sections 7 and 8 *supra* violate several sections of the state Constitution and the Fourteenth Amendment of the federal Constitution; and that even if the act be valid the increase in appellee's assessment is invalid because made after June 1. We shall discuss these several propositions in their inverse order.

Section 4 of the act provides in part: "When the State Tax Commission has completed the equalization of the assessment of the property in any county, it shall not later than June 1 certify to the auditor of public accounts the total assessed value of the property in such county and the amount of taxes due from such county." The insistence for appellee is that this provision is mandatory and that therefore any change in an assessment made after June 1, as was this one, is void. Upon the other hand the Commonwealth argues that this provision is directory merely and this we are sure is the correct view. As stated in section 1062, vol. 3, Cooley on Taxation, "Statutes fixing the time for an assessment are gen-

erally held to be merely directory so as not to invalidate an assessment made after the prescribed time.'' While there are a few cases holding otherwise the great weight of authority sustains this text, including two cases from this court. Anderson v. Mayfield, 93 Ky. 230, 19 S. W. 598; Hager v. Citizens' National Bank, 127 Ky. 192, 105 S. W. 403. The former of these is precisely in point. It was there held that a like provision in another statute was not mandatory but directory merely and that an assessment made after the time prescribed therefor was not for that reason invalid.

Such provisions are not made for the benefit of the taxpayer but for the orderly administration of the public affairs; and there is no reason why he should be heard to complain and the state deprived of the taxes he ought to pay simply because of a delay in assessment which did not deprive him of the right to be heard or prejudice him in any way. See Cyc. 989 and 26 R. C. L. 355 and cases from many courts cited in the notes thereto.

It is not shown or claimed that appellee was prejudiced in any way by the delay here, and the assessment is not for that reason invalid.

That the act does not violate the due process clause of the Fourteenth Amendment seems too clear for argument. Provision is not only made for a hearing after notice before the commission of any proposed change in the assessment as equalized upon notice and after a hearing by the local assessing authorities, but an appeal is allowed to the circuit court and thence to this court from any such change.

We can find nothing in the act to sustain the charge that it attempts to empower the commission to make individual assessments upon specific taxpayers without equalizing them with other properties in the state. Just the reverse is true, for the power to increase or decrease assessments by the county or class or individually is conferred as stated to procure equalization and for no other purpose. Nor is there anything in this record to warrant the charge that the act as administered discriminates against appellee or any other taxpayer, or that inquiries thereunder are limited to properties within a class.

There is therefore no merit in the contention that the act by its terms or as administered violates the due process clause of the federal Constitution.

Coming now to a consideration of the act in relation to the state Constitution, it is insisted that sections 7 and 8 of the former violate sections 2 and 59 of the latter, and in addition invade the right of local self-government which that instrument guarantees.

Section 2 is the provision in the Bill of Rights that "Absolute and arbitrary power over the lives, liberty and property of free men exists nowhere in a republic, not even in the largest majority."

The argument that the act is repugnant to this section of the Bill of Rights is rested wholly upon the assumption that the power conferred upon the Tax Commission over individual assessments may be exercised arbitrarily. That there is no basis for this assumption is, we think, sufficiently demonstrated from what has already been said with reference to the claim that it violates the due process clause of the Fourteenth Amendment. The purpose as stated in the act of conferring these powers upon the State Tax Commission is to provide a means of avoiding any inequalities or discriminations between taxpayers, whether considered individually, as a class or by the counties of their residence. In other words the act instead of violating section 2 of the Constitution is indeed but the latest and may we say the best legislative endeavor more effectually to enforce its provisions throughout the entire state without reference to individual or class distinctions or local governmental subdivisions.

Section 59 of the Constitution provides that the general assembly shall not pass local or special acts concerning many subjects, among which is "to regulate the jurisdiction, or the practice, or the circuits of the courts of justice." It is insisted that the provision for an appeal to the Franklin circuit court from an order of the State Tax Commission raising or diminishing an assessment is violative of this provision. Counsel, however, in making this contention confuse jurisdiction and venue. The act neither diminishes nor enlarges nor in any way differentiates the jurisdiction of the Franklin circuit court from that of other circuit courts of the state. It simply fixes the venue in that court for an appeal from an order of the State Tax Commission, which by law as well as necessity is required to have its office and perform its duties at the state capital and in Franklin county.

A state board of equalization under one name or another has existed almost since the state was established;

it has always been located at the state capital; it is the only tribunal of its kind in the state and its jurisdiction is coextensive with the state. The venue, therefore, of all proceedings within its jurisdiction has of necessity always been in Franklin county in so far as the venue of a proceeding before such a board can be said to have been localized. But never until this law was enacted was an appeal from its decisions permissible. The legislature clearly had the right to grant such an appeal and to the circuit courts. So the question is, does the above provision of the Constitution forbid the legislature from naming the particular circuit court that shall hear the appeal? It has designated the circuit court that shall hear any cause of actions against a railroad or a nonresident corporation doing business in the state, or more accurately it has prescribed the rule by which it may be ascertained in which of the circuit courts any such action must be begun. No one would contend these Code provisions are unconstitutional, since it is patent they relate to venue. So if the legislature had in this act provided that an appeal might be prosecuted by either party to the circuit courts of the state, it can not be doubted that it might also have provided that the appeal should be taken to the circuit court of the county where the property is located or its owner resides. Obviously that would have been fixing the venue and that is what appellee contends should have been done.

Then why might not the legislature in the same way have provided that the appeal should be taken to the circuit court of the county where the other party to the proceeding (the Tax Commission) had its principal place of business or of the county where the proceeding was tried originally? Just as clearly that would have but fixed the venue, and that is just what and all the act does or was intended to do. The fact that its language is specific rather than general is wholly immaterial, since the result is precisely the same in either event. There being but one such board in the state, the act in defining its jurisdiction and the venue of an appeal therefrom is neither local legislation nor special legislation where a more general act could have been made applicable. It does not, therefore, offend section 58 of the Constitution.

The final contention is that the act is violative of the right of local self-government; and the claim that this right is guaranteed by the state Constitution is sought to be sustained by citation of many sections of the Con-

stitution to show how carefully that right has been reserved and protected in relation to many matters.

But counsel are unable to cite any section applicable to the case at bar and are therefore forced to the position that the act violates the spirit rather than any letter of our funaamental law.

The very fact that such right is specifically protected with reference to so many other matters and not referred to with reference to the matter under consideration weakens rather than strengthens if indeed it does not destroy the whole argument. Then again the theory that an act of the legislature can offend the spirit and not the letter of the state Constitution is obviously inconsistent with the almost if not universally recognized fact that under such an instrument the power of the legislature is plenary except as therein defined. Cooley's Constitutional Limitations (5th edition) page 202. This court, speaking through Chief Justice Robertson, in Briswold v. Hepburn, 2 Duv. 24, after discussing the difference between the federal Constitution as a grant of power and the state Constitution as a limitation upon legislative power, said: "But the same reason being inapplicable to state legislation of doubtful compatibility with a state Constitution, proper deference to the legislative departments should preponderate in favor of the constitutionality of its acts, and requires the judicial department to recognize them as laws, unless it shall be clearly satisfied that they are not. Whenever a jurist inquires whether a state statute is consistent with the state Constitution, he looks into that Constitution, not for a grant, but only for some limitation of the powers inherent in the people's legislative organ so far as not forbidden by their organic law."

It is true that some courts have recognized a limitation upon the applicability of this generally accepted general rule in so far as the right of local self-government is concerned upon the theory that such right is inherent in the people as a common law that antedates and is not derived from the Constitution. But this theory, though based upon an opinion by Judge Cooley (People v. Hurlburt, 24 Mich. 44, 9 Am. Dec. 103), has never been generally accepted and according to the great weight of authority is unsound. See 12 C. J. 754 and cases there cited.

This court, however, has approved that opinion in at least two cases (McDonald v. City of Louisville, 113

Ky. 425, 68 S. W. 413; City of Lexington v. Thompson, 113 Ky. 540, 68 S. W. 477) and said that there is an implied constitutional guaranty to municipal corporations of the right of local self-government in respect to purely local matters.

But just what was meant by "purely local matters" is made clear, since in each case the court was careful to point out that Judge Cooley "confined the doctrine strictly to matters which relate to the private as distinguished from the public functions of municipal corporations." Hence those cases (and Judge Cooley's doctrine as well, we think) only mean that in the exercise of their private functions cities are to be treated as other private corporations and individuals and accorded like privileges of managing their own private affairs without unnecessary governmental interference.

But whether this be true or not we need not now stop to decide, since when confined as above indicated, as at least it must be, the doctrine whether sound or not can not possibly be applicable here.

The State Tax Commission is not in any sense a municipal corporation but is purely an agency of the state government. It possesses none of the private functions of a municipal corporation. The matter of equalizing assessments, whether between individuals, classes or counties, is not purely or at all a local matter but is rather one in which the state and every citizen thereof is directly and vitally interested.

There is clearly, therefore, no question of local self-government involved in equalizing appellee's or any citizen's assessment with the assessment of all other citizens of the state for state revenue purposes; and the act providing the means therefor could not offend any right of local self-government conceding its existence.

We are, therefore, clearly of the opinion the assessment of appellee's property complained of was not void for any of the reasons assigned or at all. It follows the Pike circuit court not only erred in holding otherwise but that appellee by failing to appeal from the action of the commission as provided by section 8 of the act lost its right to complain thereof. Fayette County, et al. v. Wells, etc., 195 Ky. 608, 243 S. W. 4; Farm Bureau, etc. v. Frank Pool, 205 Ky. 365, 265 S. W. 809.

Wherefore, the judgment is reversed, with directions to dismiss the petition.