# Perry County v. Kentucky River Coal Corporation.

(Decided June 17, 1938.)

236

BAILEY P. WOOTTON and D. B. WOOTON for appellant.

P. T. WHEELER for appellee.

HUBERT MEREDITH, Attorney General, and JESSE K. LEWIS, Assistant Attorney General, amicus curiæ for State Tax Commission.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

The appellee, Kentucky River Coal Corporation, has for a considerable time been the owner of a large acreage of coal bearing land in eastern Kentucky, the larger portion of which (and possibly all) lies in Perry and Knott counties, which adjoin. Appellee does not appear to be an operating company, but leases its property to others for mining purposes on a royalty basis, with a guaranteed minimum royalty. As of the date of July 1, 1935, it made and certified to a schedule wherein it listed its taxable properties located in Perry county the total value of which it fixed at $731,682.00, and the county tax commissioner approved and reported that valuation. Later the Board of Supervisors for Perry county made a tentative raise in the assessment to the aggregate amount of $912,930.00. It gave notice as required by law to appellee of such tentative raise and it appeared in accordance therewith and presented arguments, reasons—and possibly testimony—against the raise; but the board overruled its objections and made its raise permanent. Whereupon appellee filed with the State Tax Commission—in pursuance of what it supposed to be its proper procedure for relief under sections 4114i-16 and 4114i-18 of Baldwin's 1936 Revision of Carroll's Kentucky Statutes—a statement in which it set out its grievances and objections, as well as errors in the assessment of its property made by the county board of supervisors, and which procedure it designated as an appeal from the county board of supervisors' certification to the state tax commission. It obtained process from the latter agency for Perry county and, perhaps, the members of its fiscal court, who appeared before the state tax commission at the date designated therein and objected in every manner known to the law to the jurisdiction of the commission in the premises and to the procedure adopted. As a part of its practice it filed a special demurrer to the

jurisdiction of the commission as an appellate tribunal for the investigation of such matters. It also moved to strike certain portions of the statement wherein jurisdiction was attempted to be asserted and, finally, it filed a general demurrer to the statement—all of which were overruled by the state tax commission and a trial of the alleged appeal was ordered for a fixed day.

On that day evidence was heard by the board and it later rendered an opinion reducing, the total assessment of appellee's property for the year mentioned to the sum of $873,030.00. From that and all of the other rulings made by the state tax commission Perry county appealed—in the manner provided by section 4114i-18, supra, of our statutes—to the Franklin circuit court at Frankfort, Kentucky. In that court it renewed its objections to the procedure employed by appellee (to which we shall hereafter refer as the tax payer), by filing the same motions, demurrers, etc., as it did before the state tax commission during the hearing before it; but the court overruled all of them and assumed jurisdiction. Whereupon appellee (tax payer) filed its pleading which it termed an answer, counterclaim and cross appeal. For cross relief it made the same contention that it made before the state tax commission, i. e., that the raise made by the Perry county board of supervisors was excessive, unauthorized, illegal and void, and it asked that the final certification of the value of its property for the year indicated be fixed at the schedule rate made by it to the county tax commissioner and which that officer approved. The issues were made by following taken steps and a denovo trial was had in that court, when it approved (or affirmed) the certification made by the state tax commission, and it is from that judgment that Perry county prosecutes this appeal. Since the filing of the appeal in this court the tax payer has obtained a cross-appeal—each party insisting by their respective counsel upon the same contentions made by them in the inferior tribunals through which the proceeding passed.

The section of the statute supra (4114i-18) under which the controversy was taken to Franklin circuit court prescribes that in a proper case—to which that and related sections are applicable—the state tax commission after it shall have equalized the assessment involved ''shall certify its action to the county court, to-

gether with a copy of said certification to the county court clerk, to be laid before the fiscal court of the county," etc.

It is then provided that the fiscal court "may direct that the action of the state tax commission be submitted to the courts for review and correction." If it so concludes it shall pass a resolution to that effect and a copy of it shall be forwarded to the state tax commission within ten days after the certification from the state tax commission "has been placed in the hands of the county clerk." Within the same time the county attorney of the county may prepare a statement "showing in detail wherein the action of the state tax commission is unfair or unjust to the county, and file same in the office of the circuit court clerk of Franklin county," and also a copy with the state tax commission. Within fifteen days after receipt by the state tax commission of such statement it, through the attorney general of the state, "may file an answer to said statement," and within fifteen days thereafter the appellant county shall prepare and file its proof in support of its contentions, and which may be by affidavits, or depositions. Within fifteen days thereafter the state tax commission "shall prepare and file proof in support of its position, which may be affidavits or by depositions." The appeal shall then be submitted to the appellate court (Franklin circuit) which shall render judgment within ten days thereafter. "If either party to the controversy be dissatisfied with the judgment rendered such party may take an appeal to the court of appeals within ten days thereafter."

Under the provisions of section 4114i-16 a tax payer is given the same right to invoke the same procedure if the state tax commission has made a ruling adverse to him and has so notified him thereof by process in the manner indicated. It is further provided that. the clerk of the Franklin circuit court "shall not be required to copy the record but shall transmit to the clerk of the court of appeals the original record with a certification that it is the complete record." Section 4114i-18.

This appeal was so taken and because of which we have experienced trouble in assorting and arranging its parts applicable to the various agencies and tribunals through which the case has traveled. The testi-

mony brought here convinces us that a considerable part of the raise of the tax payer's assessment as made by the county board of supervisors was unauthorized, or at any rate not sustained by a preponderance of the proof later heard before the Franklin circuit court, and perhaps, also heard before the county board of supervisors, as well as at the hearing before the state tax commission. But for reasons hereinafter stated we feel that we are mandatorily barred from correcting the certification made by the county board of supervisors in accordance with what we might conclude is the correct one. We will now proceed to state the reasons for that conclusion.

It will be perceived, as hereinbefore stated—and which the tax payer admits—that it followed in this case the procedure prescribed by sections 4114i-16 and 4114i-18, supra, of our statutes, instead of adopting the one prescribed by section 4128 of the same statutes creating the remedy whereby a dissatisfied individual tax payer may obtain relief against excessive fixation of assessments of his property for ad valorem taxation and which latter prescribed remedy consists in a timely appeal—from the complained of certification by the county board of supervisors—to the "quarterly court" of the county, and if dissatisfied with the judgment of that tribunal upon the issues submitted, then to appeal to the circuit court of the county, and if dissatisfied with its judgment, then to this court. The course that it did adopt and pursue, as prescribed by the two sections of the statutes supra (4114i-16 and 4114i-18), applies to an altogether different situation than that which existed at the time it attempted to prosecute its appeal from the certification of its assessment by the county board of supervisors of Perry county to the state tax commission. Nowhere in either of those sections—nor in any other section that we have been able to discover—is the state tax commission vested with appellate jurisdiction. The jurisdiction that it exercises and which may be reviewed under the provisions of the two sections referred to—is original jurisdiction and initiated by itself alone and not at the behest or request of either a tax payer or a subordinate taxing district, nor by any other state authority.

Under other sections county tax commissioners (assessors) are required, within stated limits of time, to

furnish copies of their assessment lists to the state tax commission, which is created a board for the "equalization" of the assessments of property in the respective counties of the commonwealth with assessments of similar property in other counties of the commonwealth, and which, up to 1936, included real estate, intangibles and all other species of property subject to taxation. But the Legislature at its 1936 session enacted chapter 98 of the session acts of that year, section 3 of which (now section 4019-3 of our statutes) expressly excluded assessments of real estate from the jurisdiction of the state tax commission—the act saying that "The State Tax Commission shall have no power to increase or decrease the aggregate assessed valuation of the real estate of any county or taxing district thereof, or to increase or decrease the assessed valuation of real estate of any individual, company, association, co-partnership or corporation, either before or after the meeting of the County board of supervisors."

It is urged by learned counsel for appellant that the 1936 act deprived the state tax commission in any event from reviewing the contested assessment of the tax payer's real estate which forms the great bulk of the property in the assessment in contest as of the date of July 1, 1935. However, the invoking of the jurisdiction of the state tax commission made in this case, as well as the date of its hearing, were each made and done before the 1936 act took effect. But whether so or not we will neither further discuss nor determine that contention, since under the conclusion we have reached it is not necessary to do so for the purposes of this appeal.

Sections 4114i-11 to and including 4114i-18 of our statutes confers state "equalization" authority upon the state tax commission, which functions were theretofore performed by another state agency of like power and authority. The statute authorized the state tax commission within specified limitations to equalize on its own initiative assessments of simlar property of the various counties of the state and to likewise so review assessments of individual property made by county tax commissioners so as to equalize the value of their property in accordance with the rule for fixing such valuation. But when that is done the county affected,.

or the individual tax payer who may be affected, is notified by the tax commission in the manner provided by the statute. Following which and within a fixed time, the parties affected by any ruling made by the state tax commission may appear before it and be heard. After such hearing the tax commission finally determines the question at issue and makes its permanent certification. From such an order alone does the procedure by appeal to the Franklin circuit court, provided in section 4114i-18, apply. Neither that section—nor anyone preceding it dealing with the powers and authority of the state tax commission in the premises—prescribes for any appeal to it from the action of county boards of supervisors, either by the county affected or by any individual property owner. The remedy of such dissatisfied parties to the final certification made by the county board of supervisors is that provided by section 4128 supra of our statutes, and no case cited nor any text authority prescribes for or holds to the contrary.

The cases that are cited by the tax payer in this case in support of the procedure that it adopted are, Fayette County v Wells, 195 Ky. 608, 243 S. W. 4; Farm Bureau of Calloway County v. Pool, Sheriff, 205 Ky. 365, 265 S. W. 809; and Johnson, Sheriff v Fordson Coal Company, 213 Ky. 445, 281 S. W. 472. Without taking time or space to analyze those opinions we will content ourselves with saying that neither of them sustains the procedure adopted by the tax payer herein. On the contrary, they approve the practice therein adopted only when it conformed to a state of facts embraced by the statute furnishing the remedy. Nowhere in either of those opinions, or in any other opinion that we have been able to find, did we hold that a tax payer whose property had been raised by the "county board of supervisors" have the right to appeal from its final certification direct to the state tax commission. On the contrary, every time that question has been presented to this court it has without exception adjudged and determined that the remedy of the dissatisfied tax payer so situated was the one provided by section 4128 supra of our statutes, and which was done in the many cases found in the notes to that section in Baldwin's 1936 Revision of Carroll's Kentucky Statutes, supra. To save space and time we will content ourselves with referring the reader to those notes for the long list of cases in which we so held.

242

Among the cases so listed in the notes referred to is that of Ball, Sheriff, v. P. V. & K. Coal Company, 235 Ky. 445, 31 S. W. (2d) 707, appealed from the Harlan circuit court. In that case the tax payer (coal company) filed its schedule or list of its property and its valuation with the county tax commissioner of Harlan county. That officer did not agree with the valuation therein made and returned his own list in accordance with his determination in the matter. He gave notice to the tax payer of that fact and of the date of the meeting of the county board of supervisors. The company, by one of its officers, appeared and objected before the board to the raise made by the county tax commissioner. No attention was further paid to the matter and the board of supervisors made its certification, which appears to have been but an approval of the assessment as made by the assessing commissioner. Later on the tax payer filed his equity action in the Harlan circuit court to enjoin the raise made in the assessment of its property by the county board of supervisors and the circuit court granted the injunctive relief prayed for. The defendants in the case prosecuted the appeal to this court and we reversed that judgment solely upon the ground that the exclusive remedy of the tax payer, in such circumstances, is the one afforded by section 4128 supra of our statutes, and since it had not been pursued as therein prescribed the tax payer would have to abide by the assessment of which he complained, howsoever excessive, because he had failed to appropriate the exclusive remedy whereby he might obtain relief. In so determining, we said (page 709):

"But any taxpayer feeling himself aggrieved by the action of the board may appeal to the quarterly court within 30 days after the final adjournment of said board, thence to the circuit court, and thence to the Court of Appeals. Section 4128, Kentucky Statutes; Eminence Distillery Company v. Henry County Board of Supervisors, 178 Ky. 811, 200 S. W. 347. Under the repeated decisions of this court, the remedy thus afforded the taxpayer is ordinarily exclusive. Royer Wheel Company v. Taylor County, 104 Ky. 741, 47 S. W. 876, 20 Ky. Law Rep. 904. And an injunction will not lie unless the assessment is void for want of notice. Negley v. Henderson Bridge Company [107 Ky. 414, 54 S. W. 171, 21 Ky. Law Rep. 1154] supra. Here, as before stated, the aggrieved taxpayer appeared before

the board of supervisors and argued against the raise made by the assessor. It was customary for the board, if it changed the assessment made by the tax commissioner, to indicate its action in red ink above or below the figures made by the tax commissioner. In this case no change was made in the figures of the tax commissioner. Not only so, but the members of the board of supervisors signed the certificate above set out stating that they had gone over all the lists on the tax commissioner's books and had not placed any list at a less or greater value than they believed would be a fair cash value of the property. In the circumstances the action of the board was an approval of the raise made by the tax commissioner, and the taxpayer having received notice of the raise, and having been given an opportunity to appear before the board of supervisors for the purpose of having the assessment reduced, his only remedy was an appeal, which he failed to take.

"But it is suggested that this case falls within the rule announced in Farmers' Bank of Somerset v. Board of Supervisors of Pulaski County, 225 Ky. 246, 8 S. W. (2d) 401. In that case it was alleged, and not denied, that the matter was never before the board of supervisors, and that the supervisors never took any action thereon. It further appeared that the appeal was prosecuted from the assessment made by the tax commissioner directly to the quarterly court, and thence to the circuit court. The court held that the appeal to the quarterly court was unauthorized, and for that reason neither the court nor the circuit court on appeal acquired jurisdiction to correct the assessment. In this case the board did act, and as before stated, the taxpayer should have appealed from the action of the board."

That holding is sustained by the cases cited in the excerpt as well as many others cited in the notes to the section of the statute last referred to (4128). The exclusiveness of the remedy furnished by the latter section, as determined in the Ball Case, is sustained by all text writers on the subject of taxation, and which will be found to be true upon consulting them, but we do not deem it necessary to lengthen this opinion by a recitation of them.

The procedure adopted by the tax payer herein (that provided in sections 4114i-16 and 4114i-18) is an

in invitum one, whereby an interested party is compelled to involuntarily appear before the state tax commission pursuant to an enforcement process issued by it wherein his appearance before it is compulsory for the purpose of combating some adverse ruling against him made by that state tribunal alone. On the other hand—as it will be seen—the procedure prescribed by section 4128 of our statutes is a voluntary one on the part of the taxpayer whereby he willingly appeals to and appropriates the tribunal to which he appeals for the purpose of rectifying a wrong which he conceives has been inflicted upon him by the county board of supervisors of the county. The difference between the two provided remedies—when all of the sections of the statute are considered—for obtaining relief in the particular circumstances surrounding each procedure are plainly discernible, and they are supported by reason and are intended to apply to and give relief in different situations.

Howsoever unfortunate it might be to the involved tax payer herein—if indeed it be so at all—we are without authority to ignore the enacted and exclusive remedy whereby, if pursued, relief might have been had. Such (unfortunate situation) may have been the case in the Ball Case supra, and others of the same tenor cited in the notes to the section of the statute last referred to, but in each of them we held that the tax payer was without relief because he failed to pursue the exclusive remedy to obtain redress against the improper or exorbitant assessment of which he complained. It results that both the state tax commission and the Franklin circuit court should have sustained the objections made by Perry county to their respective jurisdictions in the premises, and the Franklin circuit court in addition thereto should have directed the state tax commission to set aside its certification and to dismiss the attempted appeal to it by the tax payer from the certification made by the Perry county board of supervisors.

Wherefore, for the reasons stated, the judgment is reversed, with directions to set it aside, and for further proceedings consistent with this opinion; the whole court sitting.