CASE 8—PETITION EQUITY—FEBRUARY 9.

# Louisville Water Company v. Clark, Sheriff.

APPEAL FROM LOUISVILLE LAW AND EQUITY COURT.

1. JUDICIAL AND MINISTERIAL ACTS.—Those duties of a public officer are ministerial in the performance of which he is vested with no discretion, even though such performance requires exercise of discretion. But where such officer may exercise both discretion and judgment as to how a duty is to be performed, the performance of the duty is judicial, though being at the same time ministerial.

2. CORRECTION OF ASSESSMENT BY COUNTY COURT.—Under the revenue law as it existed prior to the law of May 17, 1886 (sec. 2, art. 7, chap. 92, Gen. Stat., old edition), the county court had jurisdiction to correct.

asesssments in every case where it appeared that a person was charged with any tax or county levy for which he was not legally bound, and the judgment or order of the court correcting or vacating the assessment was not a ministerial, but a judicial act, and until reversed or vacated, was conclusive as to the legality of the assessment.

As an order of the county court vacating an assessment of appellant's property for the years 1882 to 1885 inclusive, upon the ground that the property was exempt from taxation, has never been set aside or reversed, the sheriff has no authority to collect the taxes assessed.

·3. SAME.—The fact that at the time the order was made by the county court vacating the assessment, there was pending in the chancery court an action to recover the taxes assessed, did not render the order of the county court void, as the chancery court had no jurisdiction of the subject of that action.

T. L. BURNETT, LANE & BURNETT, WILLIAM LINDSAY FOR APPELLANT.

Section 2 of article 7 of chapter 92 of the revision of 1873 is not only constitutional, but it confers an exclusive jurisdiction upon the county court, and the judgments and orders of the county court in the exercise of this jurisdiction are binding and conclusive until set aside by appropriate proceedings on appeal. (City of Louisville v. Commonwealth, 1 Duv, 295; Commonwealth v. The Louisville, &c., R. Co., 89 Ky., 141.)

The Louisville Law and Equity Court had no jurisdiction of the suit to collect taxes (Louisville Water Co. v. Commonwealth, 89 Ky., 244); therefore the pendency of that suit did not oust the county court of jurisdiction. (Quinnebang v. Tarbox, 20 Conn., 510; Reynolds v. Harris, 9 Cal., 338; Durand v. Canington, 1 Root, 353; Longham v. Thomasson, 57 Texas, 127; Phillips v. Quick, 68 Ill., 324.)

HELM & BRUCE FOR APPELLEE.

1. Section 2 of article 7, chapter 92, General Statutes (edition 1873), was not intended to confer judicial power upon the county court, and therefore the action of that court is not conclusive.

2. The court had power under the statute to *correct* an erroneous assessment—none to *vacate*—and therefore the order vacating the assessment was void.

·3. The person applying is not entitled to the benefit of the court's action *unless* and *until* a certificate of the fact is delivered to the sheriff, which was not done in this case.

A person who makes a claim to be freed from a public burden makes it in derogation of the common right, and his claim will not be allowed unless it is shown to be clearly well founded beyond the question of a doubt. (Vicksburg, &c., R. Co. v. Dennis, 116 U. S., 667.)

Louisville Water Company v. Clark, Sheriff.

4. There was, at the time this suit was brought, no bar to the right to assess property for taxation. (Lou. & Nash. R. Co. v. Commonwealth, 1 Bush, 250; Commonwealth v. Masonic Temple Co., 87 Ky., 349.)

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT

The Louisville Water Company, a corporation, brought this action November, 1889, for injunction restraining Wm. Clark, sheriff of Jefferson county, levying on and selling its property for satisfaction of State revenue taxes claimed by him to be due for each of the years 1882-3-4-5, which it was alleged in the petition he was about to do. Reversal of the judgment of the lower court dissolving the injunction and for payment of the sum of taxes claimed, is contended for upon two grounds:

*First.* That by an act of the General Assembly, approved April 22, 1882, the Louisville Water Company was, in terms, exempted from payment thereafter of all taxes, State, municipal and special.

*Second.* That by judgment of the Jefferson County Court, November 12, 1885, the assessment of appellant's property for taxation, for the years named, was vacated and set aside.

In 1885 the sheriff, the Commonwealth being united as plaintiff, brought an action asking that the Louisville Water Company be compelled to show cause why it should not, within a given time, pay the same taxes now in question into court, and upon its failure to do so that a receiver be appointed. But upon appeal from the judgment which was rendered according to prayer of the petition, this court, without passing upon any other defense, held that in absence of ex-

press legislative authority, the taxes could not be re-
covered by suit, and a reversal followed. (Louisville
Water Co. v. Commonwealth, 89 Ky., 244.)

In 188– the property of the company having been
assessed for taxes for the year 1887, and the sheriff
being about to sell it therefor, an action like this was
instituted for an injunction, which was, by judgment
of the lower court, perpetuated. But that judgment
was reversed by this court upon the ground the act
of April 12, 1882, exempting property of the company
from taxation was, as held by a majority of the court,
unconstitutional. (Clark, Sheriff, v. Louisville Water
Co., 90 Ky., 515.) And upon appeal to the Supreme
Court of the United States, the decision was affirmed.
But that court did not directly pass upon or decide
as to validity of the act of April 12, 1882 ; the ques-
tion mainly discussed, and upon which the decision
was rendered, being whether, according to a proper
construction of an act of May 17, 1886, the act of
April 12, 1882, was repealed thereby, and if so, whether
the Legislature had power to repeal it; both of which
questions were determined affirmatively. (Louisville
Water Co. v. Clark, Sheriff, 143 U. S., 1.)

There is, however, contention by opposing counsel in
this case about the meaning and effect of the opinion
of the Supreme Court in regard to the validity of the
act exempting property of the company ; but we do not
deem it now necessary to inquire whether that opinion
does in fact or was intended to conflict with the one
of this court in same case, because it seems to us the
judgment was erroneous as to the second ground of
defense.

It is stated in the petition, without denial, that July 20, 1885, the sheriff of Jefferson county reported in writing to the county court clerk that the property of the company not having been previously assessed for taxation for any of the years named, he, the sheriff, then valued and assessed it for each of said years at the sums mentioned in the report, which was, on that day, filed in the office of the county court clerk; that on notice to the sheriff the company, October 12, 1885, moved the Jefferson County Court to correct as erroneous and vacate the said assessment, upon the ground that the property of the company was not liable to, but exempt from, taxation; that the Commonwealth and sheriff appeared by attorney, and objected to the motion, which was, November 12, 1885, heard and tried by the county court, and then, and by said court, judgment was rendered and entered of record that the property of the company was, in virtue of the act of April 12, 1882, exempt from liability for taxation in any form, and a copy of that judgment, attested by the clerk of the court, was ordered to be delivered to the sheriff of Jefferson county as a credit on and against said assessment. The effect of that judgment, if effectual for any purpose at all, was to nullify the assessment which the sheriff undertook to make, and consequently there existed no authority whatever for the sheriff or any other officer to collect any taxes from the water company for the four years in question, much less to levy on and sell property for that purpose; for the power of the sheriff to collect taxes must be preceded by a legal assessment and ascertainment of amount to be collected from each taxpayer.

Two questions, therefore, arise: First, whether the county court was at that time invested by statute with authority to pass upon legality of the assessment made by the sheriff against the company; second, whether his judgment or order made in respect thereto was judicial or ministerial.

Section 2, article 7, chapter 92, General Statutes, then in force, is as follows: "A person improperly charged with any tax or county levy, before he has paid the same may make proof thereof to the county court in which the assessment was made, and the court may correct the same. A certificate of the fact by the clerk, if delivered to the sheriff, shall exonerate the person from the payment of so much as may be decided to be a wrongful assessment; which certificate, if produced, shall entitle the sheriff to a credit for the amount in his settlement with the Auditor."

As a copy of that judgment was ordered to be delivered to the sheriff, the presumption is the duty was performed. Besides, the sheriff being a party to the proceeding, had notice thereof, and could have obtained credit in his settlement with the Auditor.

It seems to us very clear it was intention of the Legislature to invest by that section the county court with authority to do more than merely to examine the tax-book and correct errors of the assessors in relation to valuation of property listed, which duty was, by article 6, imposed upon the board of supervisors appointed by the county court. Indeed, the language of section 2, article 7, imports jurisdiction of the county court to correct assessment in every case where it appears a person was improperly charged, not simply in

respect to valuation, but with any tax or county levy for which he was not legally bound. The authority or jurisdiction of the county court being, to that extent and for that purpose, conferred, it naturally follows that his judgment or order in this case was not a ministerial, but a judicial act; and, being so, that judgment or order was, until reversed or vacated, conclusive as to legality of assessment of the company's property, and, therefore, as to authority of the sheriff to collect of it taxes for the four years named.

As heretofore held by this court, those duties of a public officer are ministerial in the performance of which he is vested with no discretion, even though such performance requires exercise of discretion. But where such officer may exercise both discretion and judgment as to how a duty is to be performed, the performance of the duty is judicial, though being at the same time ministerial. See Cassidy, Auditor's Agent, v. Young, County Judge, 92 Ky., 227, where the distinction between an act that is merely ministerial, in regard to the manner of performing which the officer may be subject to writ of mandamus, and an act that is judicial and consequently final and conclusive, until reversed or vacated in some mode provided by law. The decisions of this court on the subject are in that case all cited, and the application of the rule by which the distinction is to be determined, as heretofore made in various cases by this court, is shown.

In that case the question before the county court was, whether estate of a certain person deceased should be listed and assessed by the court, there having been

up to that time a failure- and refusal of the person to list the property. There, though the motion was by the Auditor's agent for the property to be assessed, the duty to be performed by the county court was no more judicial than was the duty performed by the county court in this case; for in both alike the question decided was whether the property was legally assessable. And, consequently, if the act in that case could be, as was held to be, judicial as well as ministerial, it is bound to be so held in this case.

It is, however, contended that the order or judgment of the county court was void, because rendered during pendency of an action in the chancery court, before mentioned, to recover the taxes by suit. But it is a sufficient answer to that proposition that the chancery court, as decided by this court, had no jurisdiction of the subject of that action.

Judgment reversed, and cause remanded for further proceedings consistent with this opinion.