## Edmonson County Board of Supervisors v. Vincent.

## Edmonson County Board of Supervisors v. Parsley.

## Edmonson County Board of Supervisors v. Logan.

(Decided April 25, 1919.)

### Appeals from Edmonson Circuit Court.

Taxation—Right of Appeal From Action of Supervisors.—By section 4128, Vol. 3, Kentucky Statutes, the property owner and the taxing authority are given like rights of appeal from the action of the Board of Supervisors in listing property for taxation, and also from the judgments of the quarterly and circuit courts, regardless of which party prosecuted the original appeal.

CHARLES H. MORRIS and B. T. ROUNTREE for appellant.

B. M. VINCENT for appellee Vincent.

E. G. PARSLEY for appellee Parsley.

LOGAN & McCOMBS for appellee Logan.

OPINION OF THE COURT BY JUDGE CLARKE—Reversing.

These three appeals involve the single proposition of law whether, under section 4128, vol. 3, Kentucky Statutes, which is section 32 of chapter 1 of the Acts of 1917 session of the legislature, the right of appeal therein given to the state, county or taxing district from the action of the board of supervisors with reference to property listed for taxation, may be exercised by the taxing authority from the judgment of the quarterly or circuit court, when only the property owner appealed from the judgment of the board of supervisors.

The new act of 1917 in extending the right of appeal to the taxing authorities, theretofore limited to the taxpayer, is rather awkwardly constructed, due to the fact that it repeals and re-enacts the old act (sec. 4128, Ken-

tucky Statutes, 1915 ed.), with an addition thereto giving to the taxing authorities the right of appeal. But it is clearly remedial legislation intended to correct the old act by giving both parties like rights of appeal; and, even if the language were more doubtful than it is, under the well known rules of statutory construction, we would feel constrained to hold that the legislative purpose was to give to both parties not only like rights of appeal from a judgment of the board of supervisors, but also from the judgments of the quarterly and circuit courts, regardless of which party prosecuted the original appeal. See Lewis' Southerland, vol. 2, sections 471 and 679; City of Covington v. Bussart, 149 Ky. 289; James, Auditor v. U. S. F. G. Co., 133 Ky. 299.

It is inconceivable that the legislature meant that if one party feeling aggrieved appealed from the action of the board of supervisors and was successful in its contention in the quarterly court, that the other party could not then carry the case upon appeal to the higher courts, simply because it had not appealed from the original judgment with which it was satisfied. However, we do not have to depend entirely upon the rules of statutory construction in reaching this conclusion, because in our judgment such is the meaning of the language employed, since it is provided in the new act after each party is separately given the right to appeal from the action of the board of supervisors that "the quarterly court shall hear evidence and pass upon all *such* appeals and either of said officers or taxing commissioners may appeal to the circuit court and then to the Court of Appeals, *the same as in other civil cases.*"

As the right of appeal is given to the taxing authorities "the same as in other civil cases" in which it is immaterial which party originally appealed, it is also immaterial in such actions as this, to the right of appeal from judgments in the quarterly or circuit courts, which party originally appealed from the action of the board of supervisors.

Wherefore the judgments of the circuit court which denied the right of the county attorney on behalf of the county to appeal from the judgments of the quarterly court because it had not appealed from the judgment of the board of supervisors, are reversed and the causes remanded for further proceedings consistent herewith.