# McCracken Fiscal Court et al. v. McFadden.
# Reynolds v. Miller, County Court Clerk.

(Decided Nov. 1, 1938.)

(As Modified on Denial of Rehearing Dec. 16, 1938.)

820

JOHN KIRKSEY, HOLLAND G. BRYAN, HUBERT MEREDITH, Attorney General, and H. APPLETON FEDERA, Assistant Attorney General, for McCracken Fiscal Court and Sarah Miller.

BOYD and BOYD for McFadden and Reynolds.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—
Affirming.

The primary question involved in these two related appeals is the effect to be given a judgment of a quarterly court fixing the valuation for taxation of a citizen's property where there was a subsequent increase in the valuation of all property in a county by an order of the Department of Revenue sitting as the State Board of Equalization and Assessment, under authority of Section 4114i-18, Kentucky Statutes.

The first styled appeal is a suit brought by J. Dan McFadden for himself and other taxpayers similarly situated. He and those of the class he represents listed

their property for taxation as of July 1, 1937, for the tax year 1938. When the McCracken County Board of Supervisors raised their assessments (Section 4120, Statutes) they appealed, respectively, to the Quarterly Court of that county, and after hearings that court rendered judgments fixing the fair cash value of their property and ordered and directed that the county authorities use that valuation in calculating their taxes. The judgments were not appealed from, have never been modified, and are in full force and effect. Afterward the State Board directed that the total valuation of all property in McCracken County, as certified by the County Board of Supervisors, should be increased by 15%. Sections 4114i-16, 4114i-18, Kentucky Statutes. The County Court Clerk in making up the tax books and bills for the use of the sheriff (Section 4239a, Statutes) was proceeding to add 15% to McFadden's assessment in disregard of the judgment of the Quarterly Court. McFadden asked in this suit that the clerk be enjoined from doing so and that she be required to use the value fixed by the judgment of the McCracken Quarterly Court in calculating the taxes on his property. The McCracken Fiscal Court and the County Board of Education came into the case in opposition. The circuit court granted the plaintiff the relief asked, and the defendants appeal.

It is maintained on behalf of the appellants that the appeal by a citizen from the order of the County Board of Supervisors fixing the valuation of property to the Quarterly Court, as authorized by Section 4128, of the Statutes, is merely a part of the procedure for the assessment of property, and is not a part of the judicial processes. Upon that premise, it is argued that the State Board, as the supreme tax assessing body, may raise the valuation fixed by the Quarterly Court; or, rather, in a particular case, that under the authority of its action in ordering a blanket raise in the total valuations of the county the taxing agents of the county may raise the individual taxpayer proportionately and he may not enjoin them from doing so. This, it is argued, is because the sole remedy from an order of a State Board of Equalization is to be found in Section 4114i-18 of the Statutes. Under this section only the fiscal court of the county may resort to the courts, first to the Franklin Circuit Court and then by appeal to the Court of Appeals. Farm Bureau of Calloway County v. Pool,

Sheriff, 205 Ky. 365, 265 S. W. 809; Perry County v. Kentucky River Coal Corporation, 274 Ky. 235, 118 S. W. (2d) 550.

It is maintained on behalf of the appellees that the judgment is binding on all parties to the same extent as the judgment of any other court acting within its jurisdiction, and the tax assessing agencies are without authority to change the valuations thereby established.

The valuation of property is the most important element of assessment, but is not strictly the assessment itself. Fixing the values and making the assessment is an administrative proceeding and a board established by the legislature for that purpose is an administrative body. In performing their duties in valuing property, and in correcting and equalizing assessments, these boards act largely upon the general knowledge of their members or upon information acquired from the individual property owner, who is usually heard informally. They are not judicial tribunals though they exercise quasi judicial powers. Under our Constitution (Sections 109, 135) the legislature could not grant such a board the judicial power of a court.

To the State Board of Equalization and Assessment is sent the aggregate valuations of the property of each county. It reviews those valuations as a whole for the purpose of equalizing them, one county with another, in order to avoid inequalities in different parts of the state as a taxing unit. It undertakes to bring each county to the same relative standard so that no one may be compelled to bear a disproportionate part of the tax burden. The power of the State Department of Revenue, formerly the State Tax Commission, thus to equalize the assessments throughout the state was held not to be violative of the due process clause of the Federal Constitution, U. S. C. A. Const. Amend. 14, or of Section 2 of the Kentucky Bill of Rights, proclaiming that the exercise of absolute or arbitrary power shall never be permitted in a land of free men. This was because the statute requires a hearing, upon notice, by that body, and authorizes a resort to the courts of the commonwealth, in which repose all judicial power. Johnson v. Fordson Coal Company, 213 Ky. 445, 281 S. W. 472, 473. As stated in Perry County v. Kentucky River Corporation, supra, the state board is not vested with appellate jurisdiction in the matter of

ad valorem taxes, and its authority in raising or decreasing the total valuations of property in a given county is original or initiatory. Its authority is distinct from the power to review the valuation of a particular piece of property.

We go back to the remedy afforded the individual taxpayer for what he may deem an over valuation of his property for ad valorem taxation. The County Board of Supervisors is the administrative body dealing with the individual as the state board is that dealing with the county. There is no provision for an appeal from the County Board to the State Board, or any other such body. The appeal—though not such in a strict or technical sense, for it is not from one court to another—is to the Quarterly Court of the county. Section 4128 provides that:

> "Any taxpayer feeling himself aggrieved by the action of said board of supervisors may appeal to the quarterly court within thirty days after the final adjournment of said board by filing with the judge of said court a certified copy under the hand of the clerk of said board of the action of said board."

He is then given the "right to appeal from the decision of the quarterly court to the circuit court and then to the court of appeals in the same manner that the law now allows appeals in civil cases."

The statute makes it the duty of the county attorney to represent the board in such cases before the quarterly and circuit courts and the attorney general to represent it in the Court of Appeals. Moreover, it is the duty of the county attorney to notify forthwith the Department of Revenue of such appeal to the quarterly court. The importance of this notice is emphasized by the fact that the failure of the county attorney to do so is a misdemeanor punishable by a fine. The right of such appeal to the courts is not unilateral for it is also given the state, the county or any taxing officer aggrieved by the action of the board of supervisors. Edmonson County Board of Supervisors v. Vincent, 184 Ky. 77, 211 S. W. 195. The statute provides that "the quarterly court shall hear evidence and pass upon all such appeals." It is declared to be the duty of the county attorney to represent not only the county but the state in such legal proceedings. The appeals are

tried de novo. Greensburg Deposit Bank v. Commonwealth, 230 Ky. 798, 20 S. W. (2d) 979. The procedure in and through the courts is according to that followed in ordinary civil cases. Carr's Fork Coal Company v. Perry County Board of Supervisors, 263 Ky. 642, 93 S. W. (2d) 359. There is a similar statute in the charter of cities of the first class. Section 2992.

When the statutes provided for an appeal to the county judge from the assessment by the sheriff, and later by the board of supervisors, and were less definite in their characterizations and modes of procedure, we held that the determination by the county judge or the county court (as variously referred to) was a judicial act. Being so, it was held that its "judgment or order was, until reversed or vacated, conclusive as to legality of the assessment," and, therefore, as to the authority of the sheriff to collect the taxes. Louisville Water Company v. Clark, Sheriff, 94 Ky. 47, 21 S. W. 246, 247, 14 Ky. Law Rep. 886; Stearns Coal & Lumber Company v. Commonwealth, 167 Ky. 51, 179 S. W. 1080.

The Quarterly Court is a judicial tribunal. It is created by the Constitution as one of the courts of the commonwealth. The legislature is empowered to regulate the jurisdiction of these courts uniformly (Section 139, Constitution) just as it is the other courts. Though their jurisdiction is limited to that expressly conferred, it is nowhere intimated either in the constitution or the statute that the court is an administrative body or a part of the executive department of the government, for any purpose or in any function.

We see no room for doubt that the hearing and determination of an appeal or petition for review of the action of a County Board of Tax Supervisors is a judicial action. The section of the statute just referred to is a recognition that the courts of the commonwealth are always open. By it the citizen is given a "remedy by due course of law" if he regards the order of the administrative board in fixing the valuation of his property for taxation as an "injury done him in his lands [and] goods." Section 14, Constitution. If it were not so, then the citizen is left without being given the right of recourse to the courts. If it were not so, then also do the circuit court and the Court of Appeals in the same or a similar case become ministerial agencies or administrative or executive bodies, functioning as a

part of the taxing machinery. There is no distinction drawn by the statute between appeals first to the Quarterly Court, thence to those superior courts. The judgment of the Quarterly Court being that of a court of competent jurisdiction, with the state and county being represented by counsel, its judgment is binding upon all parties and must be respected by the boards of the executive department and by the superior courts of the judicial department. The State Board of Equalization and Assessment had notice of the judgment for it is presumed the county attorney performed his duty, Section 4128, Statutes.

The Attorney General takes the position in behalf of the appellants that the proceeding in the Quarterly Court was, and such always is, one of equalization. If that conception be correct, the judgment had the effect only of putting the valuation of the appellant's property upon the same level or plane of proportionate actual value that all other property had been put by the County Board of Equalization; hence, when the State Board ordered an increase of 15% in that plane, the judgment was no bar to raising appellant's valuation the same as all others were raised who had not appealed to the court. Equality of taxation is required by the Constitution, though it has been said that exactness is hardly to be expected. Kentucky River Coal Corporation v. Knott County, 245 Ky. 822, 833, 54 S. W. (2d) 377. As said in Eminence Distillery Company v. Henry County Board of Supervisors, 178 Ky. 811, 200 S. W. 347, 350:

> "In order that taxes levied shall be lawful and have the sanction of the Constitution, it is as essential that the burden which it imposes shall have the necessary virtue of equality as that it shall be uniform."

We have a number of cases such as that one where the issue of equality was involved. Whenever the tax assessing authorities have systematically disregarded the imperious demands of the Constitution and Statutes, that all property shall be assessed at its fair cash value, by adopting a general level of proportionate values, everybody must have been treated alike. When it was shown that the property involved in a case had not been assessed at that uniform level, this court has required an adjustment.

In the Eminence Distillery Case, upon which appellants rely, there were two questions involved in the appeal from the assessment by the county assessor and later by the county board of supervisors. One of those issues was the same as that in this case, namely, overvaluation, and the other was unequal valuation. The Quarterly Court had reduced the assessment from $100,-000 to $75,000. The circuit court found the same, and on that branch of the case we affirmed. But it was shown that the real estate of the county was uniformly and systematically assessed for the year at not exceeding 60% of its fair cash value. We found that though the judgment of $75,000 as the fair cash value of the appellant's property was correct, it had been discriminated against by the adoption of the full value instead of 60% thereof. Since the court was not in position at that stage or in that case to raise the valuation of other property above the 60% level, the only practical remedy the court could grant the individual taxpayer was to reduce its valuation to 60% and thus right the wrong done. This was ordered done. That decision in that particular, however, is not authority for a decision here that the judgment of the McCracken Quarterly Court was only one of equalization. There is nothing in this record nor in the quarterly court judgment showing that the issue of equality was raised in any way. The quarterly court in the original case and the circuit court in this case, in which appellee has sought to require recognition of the quarterly court judgment, had only the question of what was the fair cash value of his property. For aught that appears in the record the county board of supervisors had undertaken to assess everybody at 100% of the fair cash value of their property. That was expressly declared in the judgment to be the standard used in arriving at the valuation of appellee's property. In this suit the appellee, as plaintiff, alleges that the threatened raise would result in a 115% assessment. That fact stood confessed for the purposes of the demurrer, which was overruled, and the defendants suffered the judgment to go against them without answering. The proceeding was one of valuation and not equalization.

The appellee, McFadden, and others whom he purports to represent in his suit, having had the fair cash value of their property thus fixed by the final judgment of the court, the tax assessing authorities, as the circuit

court rightly held, are without power to change that valuation.

The second styled appeal is the suit of Ed Reynolds, alleging that he is a taxpayer of McCracken County who protested the valuation of his property by the County Board of Supervisors, but filed no appeal to the Quarterly Court. It, too, is a representative suit. The plaintiff charges that the order of the State Department of Revenue raising the entire assessment of the county is invalid because it was an attempt to supersede the judgments of the Quarterly Court in the cases of McFadden and others; that being void in part it is void in toto. As we have stated, the circuit court adjudged that the order was ineffective so far as it undertook or authorized the local authorities to increase the valuations established by the judgments but valid otherwise.

The order of the State Board did not relate to any specific property in McCracken County. The board determined that the county taxing authorities had adopted a plane of under-valuation and that the total assessment of that county was below the fair cash value of the property situated therein as compared with that of other counties. Theoretically, all property is "Assessed for taxation at its fair cash value, estimated at the price it would bring at a fair voluntary sale." Section 172 Constitution. Practically, allowances are recognized, but an effort is made to secure equality of values—as to the citizen, relative to other citizens; as to the county, relative to other counties. The power of the State Department of Revenue in its general operation in this respect is no longer an open question. The McCracken fiscal court accepted the order increasing the assessment of the property in that county by not pursuing the remedy allowed by the statute. As to how the 15% raise should be distributed and whose property should be increased to provide for it was a matter left to the local taxing authorities. Except as to the property the value of which has been specifically established by the final judgment of a court of competent jurisdiction the local assessing agencies are left to their discretion in spreading the blanket increase over or allocating it to the property of the county in a fair and equitable manner.

The judgment in each case is affirmed.

Whole court sitting.

828

CAMMACK, J., dissents from the opinion in the McFadden appeal, but concurs in the decision of the Reynolds case.