James H. COOK, Tax Commissioner of Ballard County, et al., Appellants,

v.

CITIZENS STATE BANK OF WICKLIFFE, Kentucky, Appellee.

Court of Appeals of Kentucky.

June 21, 1957.

As Modified on Denial of Rehearing Sept. 27, 1957.

taxable value of shares of stock of the Citizens State Bank of Wickliffe, Kentucky, as of January 1, 1955, at $250 a share, or a total of $75,000, less $13,675 assessed value of the bank's tangible property. The net valuation, $61,325, is that reported to the County Tax Commissioner by the bank in accordance with KRS 136.270. The bank also filed with the Department of Revenue a statistical statement as required by KRS 136.280 upon a form prescribed by the Department. Upon the request and recommendation of the Department, the County Tax Commissioner raised the assessment of the stock to $169,423, that is, to $564 a share. The County Board of Supervisors, upon a statement of the Department and some evidence submitted by the bank, adopted that valuation. The Kentucky Tax Commission, on appeal, confirmed the assessment.

The circuit court upon a review of the evidence upon which the Tax Commission's action was based found that the original net valuation fixed by the bank was actually too high, but the bank was bound by its listing of the stock at the equivalent of $250 a share. The several local tax assessing officers and the State Commissioner of Revenue and that Department have filed an appeal to this court. They maintain that the value fixed by the Department and the Tax Commission is correct and this court should so adjudge.

At the threshold appears the question of the nature of the trial by the circuit court, that is, whether it is entirely de novo or whether the court is confined to the record made at the hearing held by the representative of the State Tax Commission.

The assessment and taxation of shares of stock in a bank are unique. See Board of Supervisors of City of Frankfort v. State National Bank of Frankfort, 300 Ky. 620, 189 S.W.2d 942. It is a matter of local concern. The authority or power of the state departments is confined to the general overall "direction, instruction and supervision of the Department of Revenue"

Jo M. Ferguson, Atty. Gen., Hal O. Williams, Asst. Atty. Gen., Edward A. Marye, Jr., Asst. Atty. Gen., for appellant.

M. C. Anderson, Wickliffe, for appellee.

STANLEY, Commissioner.

The appeal by the taxing authorities of Ballard County and the State Department of Revenue is from a judgment fixing the

of the County Tax Commissioner in his making of assessments of all local property. KRS 132.420. Before 1942 an appeal from the action of the County Board of Supervisors was to the quarterly court, thence to the circuit court. McCracken Fiscal Court v. McFadden, 275 Ky. 819, 122 S.W.2d 761. The Legislature in that year substituted the State Tax Commission for the quarterly courts and prescribed the method of appeal and review by that body. KRS 133.120 (4). See Ballard County v. Citizens State Bank of Wickliffe, Ky., 261 S.W.2d 420. In the former statute the provision was that the appeal to the circuit court should be "in the same manner that the law now allows appeals in civil cases." Ky.St. § 4128. The present statute reads that "Any of the parties may appeal from the judgment of the Tax Commission to the circuit court in the county where the property is located and thence to the Court of Appeals, as provided by law." KRS 133.120(4). The appellants argue that the term "as provided by law" refers to the general provisions of KRS 131.120 and 131.125. Those statutes relate to appeals from decisions of the Tax Commission in matters of assessments which it is authorized to make initially and the appeal must be to the Franklin Circuit Court. It seems to us that an appeal to the local court from a decision (erroneously called "judgment") of the State Tax Commission, when it considers assessments as an appellate administrative body by virtue of the particular statute which substituted it for the quarterly court, is a trial de novo the same as in ordinary civil cases although, of course, the Tax Commission is not a court. The State Tax Commission should be made a party to the appeal that it may defend its evaluation.

In the instant case, after the court ruled that the case should be tried de novo, the parties stipulated that the evidence heard by the "conferee" of the Department of Revenue upon which the State Tax Commission had rested its decision might be considered by the court "with such other evidence as appellant wishes to introduce, if any, in the trial of the case." No other evidence was introduced.

The substance of the evidence before the Tax Commission and before the Court on the matter of evaluation of the fair cash value of the stock was that in 1947 a son of a deceased stockholder, in the distribution of the estate, had accepted 7½ shares of stock at a valuation of $1,200 ($160 a share), and in 1952 there had been a transfer by a mother to her son when he became an officer of the bank of five shares at a valuation of $125 a share. There are 300 shares of this stock, all of which is owned by seven individuals, most of whom belong to one family. The bank officers were the only witnesses. They testified there was no stock for sale and that the general business conditions in western Kentucky had fallen off since the completion of construction of the large atomic energy plant in nearby McCracken County. The evidence on the other side was data which had been reported to the Department of Revenue under the requirement of KRS 136.280 on a form supplied by the Department (which, it is observed, does not seek all the information the statute requires) and a complicated mathematical computation from that data by a statistician of the Department and his justification of the formula.

The difficulty of evaluating shares of stock in banks and other corporations where there had been insufficient bona fide recent sales to establish a fair market value is reflected in a number of our opinions. The statute in relation to bank shares of banks outside a city of the first class prescribes no rule or formula for estimating their taxable value. Banks in Louisville are required to furnish a somewhat different report to the City Assessor for the purpose of evaluating their shares. The statute adds a provision that from such statement and "other evidence he may have, the city assessor shall fix the value of the capital stock." KRS 91.640.

■ It seems to us that in evaluating corporation stock where transactions of purchase and sale in the ordinary course of trade have not been sufficient in character or number to establish the "fair cash value, estimated at the price it would bring at a fair voluntary sale" (§ 172, Constitution) the assessing authorities and the court on a trial de novo should receive all reasonable and relevant evidence which may throw light on the value and give such weight to the same as they may deem proper under the circumstances. This may include not only statistical evidence and formulas of computation but, as well, comparative values of stocks for which a market value has been definitely established, the same as in estimating the taxable value of other classes of property. Thus, as an illustration, in assessing farm property which has been owned by the same person or his ancestors for many years, it appears reasonable to consider and compare other farms similarly located and of like character for which a market value has been pretty definitely established.

■ In this case the court was presented with an anomaly. The State Tax Commission, which had sat as a reviewing body, is an agency of the Department of Revenue, which had prejudged the matter and had influenced the local taxing authorities to accept their estimation of value. Under the circumstances where there was no review by an independent or disassociated administrative body the courts should carefully scrutinize the estimate of value under their responsibility of seeing that assessing officers and taxpayers alike conform to the constitutional and statutory duty of assessing property.

We do not think the circuit court had evidence before it sufficient in probative worth upon which to determine reasonably whether the assessment of the local Tax Commissioner and accepted by the County Board of Supervisors was proper or improper. Under this condition it seems well to reverse the judgment and remand the case for another trial.

Judgment reversed.