CITY OF LOUISVILLE, a Municipal Corporation, Appellant,

v.

CHRISTIAN BUSINESS WOMEN'S CLUB, Inc., Appellee.

Court of Appeals of Kentucky.

Oct. 18, 1957.

S. M. Russell, Director of Law, Frances M. Thompson, Asst. City Atty., Louisville, for appellant.

Ogden, Galphin & Abell, Louisville, for appellee.

SIMS, Judge.

This appeal is attempted to be prosecuted by the City of Louisville from a judgment decreeing that a building in Louisville owned and occupied by the Christian Business Women's Club, hereinafter referred to as the Club, is exempt from taxation under § 170 of the Kentucky Constitution because it is a purely public charitable institution. Motion has been made by the Club to dismiss the appeal because the City was not a party to the action in the circuit court, therefore under KRS 133.120(4) and under CR 73.02 it cannot prosecute this appeal.

To properly understand the question before us it will help to give a brief history of this litigation. The Jefferson County Tax Commissioner assessed the Club building at $152,900. Whereupon the Club appealed to the Jefferson County Board of Tax Supervisors under KRS 133.120(4), claiming to be a purely public charitable corporation and under § 170 of our Constitution exempt from taxation. The Club lost before the Board and appealed to the Kentucky Tax Commission. It again lost and then appealed to the Jefferson Circuit Court making William D. Meyers, Director of Finance of the City of Louisville, a party thereto. Meyers in his official capacity filed answer denying the Club is a charitable corporation.

It is provided in KRS 133.120(4):

"The tax commissioner, the county judge, the Department of Revenue, the chief finance officer of any city using the county assessment, if the city elects to do so, or the superintendent of any school district in which property reviewed by the board of supervisors is located, may appeal to the Tax Commission in the same manner as a taxpayer."

As the foregoing parties named in the statute are given the right of appeal, they were named as parties to the Club's appeal to the Kentucky Tax Commission, and also as parties to its appeal to the circuit court, and each was given notice by the Club on both appeals. The City was never a party to any of the appeals taken by the Club.

It is further provided in KRS 133.120(4):

"Any of the parties may appeal from the judgment of the Tax Commission to the circuit court in the county where the property is located and thence to the Court of Appeals, as provided by law."

Neither the City nor the County was a "necessary party" to the Club's appeal to the Tax Commission or to the circuit court, and the judgment of the circuit court does not refer to or purport to grant any relief to the City.

. In due time after the circuit court judgment, the Club was served with notice "that the City of Louisville, one of the defendants herein, hereby appeals to the Court of Appeals * * *." This notice was filed in the circuit court clerk's office on the day it was served. None of the "parties" to the proceeding gave notice of an appeal, and the time within which they may appeal to this Court has long since expired.

 The City may not maintain this appeal for two reasons. First, it was not a necessary party to this action under KRS 133.120(4), nor was it made a party thereto, nor did it attempt to intervene. And second, it is provided in CR 73.02(2), "A *party* may appeal from a judgment by filing a notice of appeal with the circuit court." (Our emphasis.) The term "party" as used in CR 73.02(2) clearly means a party to the proceeding. Bartholomew v. Paniello, Ky., 287 S.W.2d 616.

The City filed motion to amend its notice of appeal as well as its statement of appeal, wherein it sought to be named as a party to the action along with Meyers as its Finance Director. However, this motion was filed after the Club moved to dismiss the appeal. The City based its motion on the ground that it was the real party in interest, therefore it had the right to appeal. We believe the answer to the City's argument is found in United States v. Seigel, 83 U.S.App.D.C. 88, 168 F.2d 143, where the court construed § 73(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A., which is substantially the same as our CR 73.02(2). That action was brought by Chester Bowles, as Federal Price Administrator, to recover damages on behalf of the government for the alleged sales of meat in excess of ceiling prices. Bowles resigned his office and after long delay when no attempt was made to substitute his successor as party plaintiff, the district court dismissed the action. Thereupon the United States gave notice of appeal and defendant moved to dismiss the appeal because the United States was not a party to the proceeding and had no right to maintain the appeal. The court there wrote:

"The United States was never a party to the record in the court below. It never made any attempt to become a party. Without being or attempting to become a party, it simply filed a notice of appeal.

\* \* \* \* \* \*

"But the question before us in the case at bar is whether the case is in this court—whether a person who was not a party to the record in the District Court and who made no effort to become a party there, can bring the case into this court simply by noting an appeal. He could not do so under the cases we have cited and discussed. If he could not, the case is not in this court and so a motion to substitute parties could not be entertained here.

\* \* \* \* \* \*

"A person who has not submitted himself to the jurisdiction of a court, and who has not presented to the court his claim of interest in the controversy, ought not to be allowed to appeal from the judgment. The slightest regard for an orderly adjudication of contesting rights dictates that conclusion." [83 U.S.App.D.C. 88, 168 F.2d 144.]

In answer to the government's argument that Bowles actually represented the United States and was not the real party in inter-

est and that no harm would result to Seigel from letting the United States prosecute the appeal the court said:

"We are told that in substance no injustice would result from ignoring the rules in this case. That may be, but it cannot justify the departure. Just as soon as rules of procedure are ignored in order to do substantial justice on the merits in a particular case, there are no rules. What is done in one case must be done in all."

■■ The time for the City to have intervened was while the action was pending in the circuit court. It is too late for it to make itself a party after the attempted appeal has been filed in this court. Rules of Procedure must be followed and cannot be ignored. If they are ignored in one case they could be ignored in all, which would result in the abolition of rules of procedure and chaos would result.

It will not be necessary to go into a minute discussion of the cases relied upon by the City. It will suffice to briefly point out just why they are not in point. In United States v. Koike, 9 Cir., 164 F.2d 155, the Attorney General by executive order was authorized to prosecute the action on behalf of and in the name of the United States, while here the statute did not authorize the City even to be named as a party in the court below and it was not so named. In Edmonson County Board of Sup'rs v. Vincent, 184 Ky. 77, 211 S.W. 195, this court merely held that where the property owner was successful on appeal to the quarterly court, the taxing authority who had not appealed to the quarterly court could prosecute an appeal from the quarterly court to the higher courts. As we read Carr's Fork Coal Co. v. Perry County Bd. of Sup'rs, 263 Ky. 642, 93 S.W. 2d 359, it is to the effect that there can be a trial de novo in the circuit court on all items of assessment. Chairman of United States Maritime Commission v. California Eastern, 92 U.S.App.D.C. 207, 204 F.2d

398, involved an appeal in the name of a government officer where the office had been abolished. As there was statutory authority allowing another officer to prosecute the appeal, the court held his name could be substituted on the appeal for that of the officer whose office had been abolished.

Since we have reached the conclusion that the appeal must be dismissed, we have no authority to pass on the question of whether or not the Club is a purely public charitable organization.

The appeal is dismissed.