**W. Howell CARR, Graves County Property Valuation Administrator; Graves County Board of Assessment Appeals; and Revenue Cabinet, Commonwealth of Kentucky, Appellants,**

v.

**CONTINENTAL GENERAL TIRE, INC., Appellee.**

No. 2003–CA–001880–MR.

Court of Appeals of Kentucky.

Nov. 24, 2004.

As Modified Dec. 3, 2004.

Discretionary Review Denied by Supreme Court Aug. 17, 2005.

Susan F. Stivers, Finance & Administration Cabinet, Division of Collections, Frankfort, KY, for appellant.

Michele M. Whittington, Frankfort, KY, for appellee.

Before BUCKINGHAM, DYCHE, and SCHRODER, Judges.

*OPINION*

SCHRODER, Judge.

This case presents the following question: if the value for taxation purposes of a parcel of real property has been determined in a contested proceeding, does a local taxing authority have to show a material change in the value of that property in order to justify a higher assessment in the following year? Section 172 of the Kentucky Constitution and KRS 132.690(1) require that property be assessed annually at its fair cash value. However, when property tax values have been determined in a contested proceeding, the burden is on the party opposing a value different than

the value determined in the proceeding. That party must very clearly show the property or conditions in succeeding years have materially changed before another value may be established. Hence we affirm.

Continental General Tire, Inc. (General Tire) owns a tire manufacturing plant on approximately 22.1 acres it leases from the City of Mayfield, Kentucky. The Graves County Property Valuation Administrator (PVA) assessed the value of the property for tax purposes at $19 million in 1999, $19 million in 2000, $12 million in 2001, and $12 million in 2002. General Tire appealed each one of these assessments to the Graves County Board of Assessment Appeals (County Board). The County Board lowered the 1999 and 2000 assessments to $14 million and confirmed the amounts of the 2001 and 2002 assessments. General Tire subsequently appealed each decision of the County Board to the Kentucky Board of Tax Appeals (KBTA). The PVA appealed only the 1999 decision of the County Board.

In February 2001, the KBTA issued an order in the appeal of the 1999 assessment of $19 million that had been reduced by the County Board to $14 million. The KBTA determined that the fair cash value of the General Tire property was $8,539,339.00. While the appeals of the 2000 and 2001 assessments were still pending at the KBTA, General Tire filed a motion in limine with the KBTA, arguing that the KBTA's determination that the property was worth $8,539,339.00 for purposes of the 1999 assessment precluded the PVA from increasing the assessments for the following years without making a showing of a change in circumstances. General Tire further maintained that the evidence presented by the PVA on appeal should be limited only to evidence that demonstrated a change in circumstances, and a change in value attributable to that change in circumstances, from the 1999 value.

The KBTA issued an order on May 29, 2002, agreeing with General Tire. It based its ruling on the doctrines of issue preclusion, stare decisis, and "fundamental principles of fairness and judicial economy." The KBTA ordered the PVA to show cause why the KBTA should not enter an order also valuing the property at $8,539,339.00 for the 2000 tax year. The PVA, unaware that the KBTA had issued such an order, filed a response to the motion in limine. General Tire in turn filed a reply brief, reiterating its earlier arguments. General Tire also filed an appeal of the 2002 assessment, and a motion to consolidate the 2000, 2001, and 2002 property tax assessment appeals. The motion to consolidate was granted.

The KBTA issued a final order resolving the consolidated appeals on October 11, 2002. It stated that:

> when property tax values have been determined in a contested proceeding, the burden is on the party proposing a value different than the value determined in the proceeding. The party must very clearly show the property or conditions in succeeding years have materially changed before another value may be established.

The KBTA cited as the authority for its decision an early Kentucky case, *Kentucky River Coal Corp. v. Knott County*, 245 Ky. 822, 54 S.W.2d 377 (1932), in which Kentucky's highest court was confronted with an appeal of tax valuations by parties who had appealed the very same issue the year before. *See Kentucky River Coal Corp. v. Knott County*, 239 Ky. 18, 39 S.W.2d 190 (1931). The Court stated that "[w]henever tax values have been judicially determined by the court of last resort, it ought to be made very clear that the property or con-

ditions in the next succeeding years have materially changed before other values are placed upon the same property." *Kentucky River Coal*, 54 S.W.2d at 382. The KBTA extended the precedential value *Kentucky River Coal* attached to determinations by a "court of last resort," to include determinations made in any "contested proceeding."

The KBTA found that the PVA had failed to show any material change in the property or conditions to justify an increase in the assessed value of the General Tire plant from the amount the KBTA had established as correct for 1999. The KBTA consequently ordered the property assessed at $8,539,339.00 (the value determined in the 1999 appeal), for the tax years 2000, 2001, and 2002.

The PVA appealed the KBTA's decision to the Graves Circuit Court. The circuit court affirmed the KBTA's decision, but on different grounds. The circuit court agreed that the KBTA's 1999 assessment had significant precedential value; however, it held sua sponte that this value stemmed not from the principle of res judicata as the KBTA had inferred, but from due process considerations. The circuit court stated as follows:

[T]his Court finds that under due process of law, **when the fair cash value of a parcel of real property has been determined by a court of competent jurisdiction, it then becomes incumbent upon the state taxing authority to show a material change in the value of that property in subsequent years,** which would then allow an increase in the value of that property for tax assessment purposes. (emphasis added.)

Based on this due process analysis, the circuit court dismissed the PVA's appeal of the KBTA's ruling.

In this appeal, the PVA maintains that the circuit court erred because its judgment places a burden on the PVA to show a material change in value from prior assessments that is contrary to the mandates of the Kentucky Constitution and the applicable taxation statutes.

■ Because the outcome of this case turns on an issue of law, our review is *de novo*. *Western Kentucky Coca–Cola Bottling Co., Inc. v. Revenue Cabinet*, Ky. App., 80 S.W.3d 787, 790 (2001).

The Kentucky Constitution and KRS 132.690 require that non-exempt property be assessed annually at its fair cash value. Section 172 of the Kentucky Constitution states that:

[a]ll property, not exempted from taxation by this Constitution, **shall be assessed for taxation at its fair cash value, estimated at the price it would bring at a fair voluntary sale;** ...
(emphasis added.)

KRS 132.690(1) similarly provides that:
[e]ach parcel of taxable real property or interest therein subject to assessment by the property valuation administrator **shall be revalued during each year of each term of office by the property valuation administrator at its fair cash value** ....
(emphasis added.)

■ It is clear that the Constitution and the statute require "that all property shall be assessed at its fair cash value, by adopting a general level of proportionate values, everybody must have been treated alike. When it was shown that the property involved in a case had not been assessed at that uniform level, this court has required an adjustment." *McCracken Fiscal Court v. McFadden*, 275 Ky. 819, 122 S.W.2d 761, 764 (1938). In our case, the KBTA said the PVA was *not following* the Constitution and the statute in 1999, and corrected

the assessment. The circuit court agreed. It appears that PVA was again blindly following the wrong path by erring in the 2000 assessment by merely reverting to its 1999 incorrect assessment. *Kentucky River Coal Corporation v. Knott County,* 245 Ky. 822, 54 S.W.2d 377 (1932), involved a similar situation where the next year the PVA said it was a new year and could start over. The Court recognized each year was a new year and the Constitution and statute both required yearly appraisals. However, where the PVA was shown to be *incorrectly* assessing the property, the Court applied this *equitable* remedy:

> This court determined upon review, as is shown by the opinion cited above, that the valuations for 1928 taxes of the property of the appellant Kentucky River Coal Corporation adjudged by the trial court were fair. Whenever tax values have been judicially determined by the court of last resort, it ought to be made very clear that the property or conditions in the next succeeding years have materially changed before other values are placed upon the same property. The evidence in this case shows conclusively that the conditions did not warrant an increased assessment in either year.

*Id.* at 382.

In *McCracken Fiscal Court v. McFadden,* 275 Ky. 819, 122 S.W.2d 761, 764 (1938), the Court had a similar situation where the appeal ended at the quarterly court. The Court said "There is no distinction drawn by the statute between appeals first to the Quarterly Court, thence to those superior courts." The Court applied the *McFadden* rule to "a court of competent jurisdiction" that made the decision that was binding on all parties. The Court recognized the matter was a contested proceeding with all parties being given an opportunity to be represented,

and a decision was made. The important part is the decision that the PVA decision was wrong and had to be adjusted on appeal. The Court was not ignoring the Constitution and statute, but recognizing that when the PVA was incorrectly assessing, the PVA should show a "material change" before changing the value so as to not repeat its mistake. *See also City of Harlan v. Eversole,* Ky.App., 305 S.W.2d 523 (1957), in which the first appeal ended with a quarterly court decision. Inasmuch as the Graves Circuit Court upheld the KBTA assessment for 1999, the PVA needed to show a "material change" in the property or conditions in succeeding years before another value could be established.

For the foregoing reasons, the judgment of the Graves Circuit Court is affirmed.

ALL CONCUR.