RENDERED:  FEBRUARY 12, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-1218-WC

TINA SPURGEON                                                   APPELLANT

v.              PETITION FOR REVIEW OF A DECISION
                OF THE WORKERS' COMPENSATION BOARD
                ACTION NO. WC-16-73666

MASTERSONS CATERING; HON.                           APPELLEES
JEFF V. LAYSON,
ADMINISTRATIVE LAW JUDGE;
DANIEL CAMERON, KENTUCKY
ATTORNEY GENERAL; AND
WORKERS' COMPENSATION
BOARD

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CALDWELL, COMBS, AND L. THOMPSON, JUDGES.

COMBS, JUDGE:  Appellant, Tina Spurgeon, appeals from an opinion of the

Workers' Compensation Board affirming the determination of the Administrative

Law Judge (ALJ) that her award of income benefits is subject to the limitations in

KRS[1] 342.730(4) as amended effective July 14, 2018. Spurgeon also raises an argument regarding the constitutionality of the amended statute. After our review, we affirm the Workers' Compensation Board.

By Opinion, Award, and Order rendered on April 20, 2020, the ALJ awarded permanent total disability (PTD) benefits to Spurgeon due to a May 14, 2016, injury "until such time that the Plaintiff reaches the age of 70" in accordance with KRS 342.730(4). The statute as amended effective July 14, 2018, provides as follows:

> All income benefits payable pursuant to this chapter shall terminate as of the date upon which the employee reaches the age of seventy (70), or four (4) years after the employee's injury or last exposure, whichever last occurs. In like manner all income benefits payable pursuant to this chapter to spouses and dependents shall terminate as of the date upon which the employee would have reached age seventy (70) or four (4) years after the employee's date of injury or date of last exposure, whichever last occurs.

Spurgeon filed a petition for reconsideration raising an issue as to the retroactive application and constitutionality of the amended statute, which the ALJ denied by an order rendered on May 4, 2020.

Spurgeon appealed to the Workers' Compensation Board and argued that the ALJ erred in applying KRS 342.730(4) -- as amended by House Bill 2--

---

[1] Kentucky Revised Statutes.

retroactively. Spurgeon also argued that retroactive application of the amended statute would violate the Contracts Clause of the United States and Kentucky Constitutions and that it is an exercise of arbitrary power in contravention of Section 2 of the Kentucky Constitution.

By opinion re-entered on September 4, 2020, the Board affirmed with respect to the ALJ's application of the amended version of KRS 342.730(4).[2] The Board explained as follows:

> In *Holcim v. Swinford*, 581 S.W.3d 37 (Ky. 2019), the Kentucky Supreme Court determined the amended version of KRS 342.730(4), effective July 14, 2018, regarding the termination of benefits at age 70 has retroactive applicability. Because the Kentucky Supreme Court has determined the newly enacted amendment applies retroactively, we affirm the ALJ's decision ordering the permanent total disability benefits are subject to the limitation in KRS 342.730(4), effective July 14, 2018.

With regard to the constitutional issues Spurgeon raised, the Board explained that:

> [A]s an administrative tribunal it has no jurisdiction to determine the constitutionality of a statute. *Blue Diamond Coal Company v. Cornett*, 300 Ky. 647, 189 S.W.2d 963 (1943). Consequently, we are without authority to render a decision upon Spurgeon's argument regarding the constitutionality of the amended statute. Thus, we affirm in this regard.

---

[2] The Board also vacated in part and remanded. However, Spurgeon only appeals with respect to the issues of retroactivity and constitutionality of KRS 342.730(4). She does not appeal from the portion of the Board's decision related to remand.

Spurgeon appeals.  She argues that the ALJ erred in applying the amended version of KRS 342.730(4) to her PTD award.  However, as the Board explained, *Holcim* unequivocally holds that the amended statute applies retroactively.  Because we are persuaded that *Holcim* is dispositive of this case, we decline to address the sub-issue of the constitutionality of the statute's retroactive application.

Therefore, we AFFIRM the opinion of the Board.

THOMPSON, L., JUDGE, CONCURS.

CALDWELL, JUDGE, CONCURS IN RESULT ONLY.

BRIEF FOR APPELLANT:

Wayne C. Daub
Louisville, Kentucky

BRIEF FOR APPELLEE
MASTERSONS CATERING:

Joseph C. Klausing
Brent E. Dye
Louisville, Kentucky