HARLAN COUNTY BOARD OF SUPERVISORS and James E. Luckett ex rel. COMMISSIONER, DEPARTMENT OF REVENUE, Commonwealth of Kentucky, Petitioners,

v.

Edward G. HILL, Judge, Harlan Circuit Court, Respondent.

Court of Appeals of Kentucky.

Oct. 2, 1964.

---

Larry A. Carver, Department of Revenue, Frankfort, James C. Brock, County Atty., Harlan, for petitioners.

James S. Greene, Jr., Greene & Forester, Harlan, for respondent.

STEWART, Judge.

This proceeding before this Court seeks to prohibit the Honorable Edward G. Hill, Judge of the Harlan Circuit Court, from hearing and determining a tax appeal of Black Star Land Company, as plaintiff, against Harlan County Board of Supervisors and the Kentucky Tax Commission, as defendants.

On June 1, 1964, respondent perfected an appeal to the Harlan Circuit Court from a final order of the Kentucky Tax Commission dated May 28, 1964. This appeal was from the ruling of the Harlan County Board of Supervisors on a tax assessment made by the Harlan County tax commissioner.

It is contended by petitioners the Harlan Circuit Court is without jurisdiction to entertain the appeal. The theory is advanced that the provisions of KRS 131.-120(1) set forth the procedure that should have been followed by respondent in taking its appeal from the decision of the Kentucky Tax Commission. Briefly stated, that subsection required an appeal from an assessment by the *Department of Revenue or its agent* to be taken to the Franklin Circuit Court.

The appeal in question was prosecuted under KRS 133.120(4), which provided in substance that a taxpayer dissatisfied with the final action of *the board of supervisors* might within fifteen days after its adjournment appeal to the Kentucky Tax Commission; and any party under this subsection might appeal from a decision of the Kentucky Tax Commission to the "circuit court in the county where the property is located."

KRS 131.120(1) was repealed and KRS 133.120(4) was amended by the 1964 Legislature, effective July 1, 1964, but the amendment states: "The right to appeal any order of the Kentucky Tax Commission entered on or before June 30, 1964, is preserved to any aggrieved party in the form and mode existing prior to such date." See 1964 House Bill 3, sec. 38.

Thus, KRS 131.120(1) clearly applied to appeals from decisions of the Kentucky Tax Commission pertaining to tax assessments which the Department of Revenue or its agent was authorized to make initially; and KRS 133.120(4) related to appeals to the Kentucky Tax Commission, and thereafter to circuit court, from decisions made on tax assessment by the board of supervisors. The latter subsection governed in the instant case. See Cook v. Citizens State Bank of Wickliffe, Ky., 304 S.W.2d 931.

It follows that the Harlan Circuit Court had jurisdiction to try and determine the tax matter.

Wherefore, the writ is denied.