**HARLAN COUNTY BOARD OF SUPERVISORS, etc., et al., Appellants,**

**v.**

**BLACK STAR LAND COMPANY, Appellee.**

Court of Appeals of Kentucky.

June 18, 1965.

Robert Matthews, Atty. Gen., William S. Riley, Asst. Atty. Gen., Larry A. Carver, Dept. of Revenue, Frankfort, James C. Brock, County Atty., Harlan, for appellants.

James S. Greene, Jr., Greene & Foster, Harlan, for appellee.

WILLIAMS, Judge.

The Harlan Circuit Court determined the fair market value of certain land owned by the appellee to be $50,000 as of January 1, 1963. As was customary in that county at that time, the court applied a 30 per cent assessment ratio to the fair market value and entered a judgment fixing the assessed value for tax purposes as of January 1, 1963, in the sum of $20,000. This appeal results.

This case was tried prior to Russman v. Luckett, Ky., 391 S.W.2d 694, decided June 8, 1965. The only question in this case, therefore, involves the manner in which the court determined the fair market value.

Appellee Black Star Land Company is the owner of certain real property in Harlan County which, at the time it was purchased, was underlaid with 600,000 tons of mineable coal. The property was purchased in 1960 for $50,000. In 1961 a lease was entered into with a third party wherein the lessee agreed to pay a royalty of 25 cents per ton for all coal mined. Prior to the January 1, 1963 assessment, about 100,000 tons of coal had been mined and the merchantable timber had been removed from the property.

For the years 1961 and 1962 appellee had assessed its property for $17,000. In each of those years the Harlan County Board of Supervisors raised the assessment, and upon appeal to the Kentucky Tax Commission it was set at $20,000 and no further appeal was taken. In the year which we have under consideration appellee again assessed its property for $17,000. The Harlan County Board of Supervisors increased it to $124,000, and the Kentucky Tax Commission affirmed the increased assessment. Upon appeal to the Harlan Circuit Court, prosecuted under KRS 133.120(4) as it read prior to a 1964 amendment, the court heard the case and entered judgment fixing the assessed valuation at $20,000 as heretofore stated. (The appeal was considered in accordance with directions of this Court for the Harlan Circuit Court to "try and determine the tax matter," Harlan County Board of Supervisors v. Hill, Ky., 382 S.W.2d 859, [1964]).

The Harlan Circuit Court found as a fact that the purchase of the property by ap-

pellee in 1960 was a fair and voluntary sale, and that from 1960 to 1963 the fair market value of the property remained unchanged. Appellants admit that the best evidence of fair market value is the price the property brought at such a sale, but they insist that the most recent sale is reflected by the lease of the coal. Multiplying the royalty payments per ton by the known tonnage of the coal, a greater value than the 1960 purchase price is reached. Consequently, say the appellants, the most recent sale reflects a higher value than that placed on the property by the Harlan Circuit Court, and the judgment is erroneous because of failure of the court to consider the latter value to the exclusion of the former value.

The determination of fair market value is a difficult task, and, except in rare circumstances, the final decision is at best an educated estimate. Comparable sales and the sale of the identical property are at best factors which enable the determining body to make an enlightened estimate. Passage of time, depletion of assets, and many other variables may tend to change the value of property. Sale price is perhaps the best evidence but is not absolute evidence of fair market value.

The Harlan Circuit Court in its finding of fact took note of and considered the coal lease. It also took cognizance of the income which was derived from the property during the year 1962. Having considered those elements alongside the evidence offered by appellee, the court found that the former was not sufficient to rebut the appellee's proof that the fair market value of the property on January 1, 1963, did not exceed $50,000. The court was not bound to accept any other figure as the final determinable factor in arriving at fair market value.

Up to this point we have considered the coal lease as if it were an outright sale of the minerals. Appellants take the position that it serves the same function as an outright sale, and, consequently, should be so considered. Three cases are cited by appellants to substantiate that argument. Trimble v. Kentucky River Coal Corporation, 235 Ky. 301, 31 S.W.2d 367 (1930), involved an outright sale of minerals. The other cases, Kennedy v. Hicks, 180 Ky. 562, 203 S.W. 318, 319 (1918), and Wakenva Coal Co. v. Johnson, 234 Ky. 558, 28 S.W.2d 737 (1930), involve long-term leases.

We had occasion to examine a coal lease in Head v. Little, 312 Ky. 10, 226 S.W.2d 322 (1950), which is more in point. The language in that lease did not purport to convey title to the coal, nor does the language in the lease under consideration here. In each case only the right to mine the coal on payment of a royalty is given. The only interpretation, we said, which can be given the instrument is that it is a lease of the coal and not a conveyance thereof. It was pointed out in that case that, if the title to the coal was actually conveyed to the lessees, then they would be liable for the ad valorem tax assessed against the coal in place. Where the contract merely gives the right to mine the coal, the title does not vest in the lessee until after it is mined.

■ Technically then, the Harlan Circuit Court was not comparing two sale prices of the same property but was comparing the sale price which it found to be fair and voluntary with a lease consideration for the property. A lease fairly entered into may be considered as a factor in determining fair market value in the same manner as a sale, but the weight which shall be attributed to either will depend in each case upon the circumstances attendant thereto.

■ As heretofore stated, the Harlan Circuit Court took into consideration both the lease and the income from the property. The court also took into consideration the 1960 sale of the property, the fact that 100,000 tons of coal had been mined before January 1, 1963, the fact that merchantable timber had been removed, and various other

factors. We are not in position to say that the finding is clearly erroneous, and do say there is evidence of substance to support it. Consequently, the finding will not be disturbed. See Citizens Fidelity Bank & Trust, Co. v. Leake, Ky., 380 S.W.2d 264 (1964).

The judgment is affirmed.