RENDERED: MARCH 11, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0632-WC

PAMELA JOHNSON                                           APPELLANT

v.
           PETITION FOR REVIEW OF A DECISION
           OF THE WORKERS' COMPENSATION BOARD
           ACTION NO. WC-13-60999

PRESCOTECH INDUSTRIES, INC.;
DANIEL CAMERON, THE ATTORNEY
GENERAL OF KENTUCKY;
HONORABLE JANE RICE WILLIAMS,
ADMINISTRATIVE LAW JUDGE;
AND WORKERS' COMPENSATION
BOARD                                             APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CLAYTON, CHIEF JUDGE; CETRULO AND GOODWINE,
JUDGES.

CLAYTON, CHIEF JUDGE: Pamela Johnson appeals from an opinion of the

Workers' Compensation Board which affirmed in part the ruling of the

Administrative Law Judge (ALJ) that Johnson's workers' compensation benefits were subject to the amended version of Kentucky Revised Statutes (KRS) 342.730(4). Johnson contends that the statutory amendment, which has the effect of terminating her benefits when she reaches the age of seventy, should not be applied retroactively and is unconstitutional. In light of recent Kentucky Supreme Court precedent, we affirm.

Johnson was born in 1958 and began working for Prescotech Industries, Inc. in 1998. She suffered a work-related back injury on November 4, 2013. On February 6, 2015, the ALJ awarded Johnson temporary total disability benefits, permanent partial disability benefits, and medical benefits.

Johnson thereafter experienced a worsening of her condition and underwent two surgeries. On May 12, 2016, she filed a motion to reopen, alleging that she was now permanently totally disabled. The ALJ considered the medical evidence and found that Johnson had proved a worsening of her condition and, upon consideration of her age, limited vocational experience, and significant medical restrictions, concluded it was not likely she would be able to find and continue sustained employment. On November 20, 2018, the ALJ awarded permanent total disability benefits to be paid beginning from the date of the motion to reopen until Johnson reaches the age of seventy. This limitation was in accordance with the amendment of KRS 342.739(4), which became effective on

July 14, 2018, and provides in pertinent part: "All income benefits payable pursuant to this chapter shall terminate as of the date upon which the employee reaches the age of seventy (70), or four (4) years after the employee's injury or last exposure, whichever last occurs."

Johnson appealed to the Board, arguing that the ALJ erred in applying the amended version of the statute retroactively to limit the award of benefits and that the amended statute was unconstitutional.

Relying on *Holcim v. Swinford*, 581 S.W.3d 37 (Ky. 2019), the Board held that the ALJ did not err in retroactively applying the amended version of the statute. It further held that, as an administrative body, it did not have the jurisdiction to rule on the constitutionality of the amended statute. *See Blue Diamond Coal Co. v. Cornett*, 300 Ky. 647, 649, 189 S.W.2d 963, 964 (1945). The Board also reversed the ALJ's award of temporary total disability benefits for the period predating the motion to reopen, but this ruling is not at issue in this appeal.

Johnson petitioned for review of the Board's decision. On the Attorney General's motion,[1] the appeal was held in abeyance pending finality in two Kentucky Supreme Court cases which addressed identical issues. When these

---

[1] The Attorney General was notified of the challenge to the constitutionality of the statute as required under KRS 418.075(2).

opinions became final, the appeal was returned to the active docket and the Commonwealth thereafter filed a response to Johnson's petition.

Upon review, we "correct the Board only where the . . . Court perceives the Board has overlooked or misconstrued controlling statutes or precedent, or committed an error in assessing the evidence so flagrant as to cause gross injustice." *Western Baptist Hosp. v. Kelly*, 827 S.W.2d 685, 687-88 (Ky. 1992). Furthermore, "as an intermediate appellate court, this Court is bound by established precedents of the Kentucky Supreme Court. [Rules of the Supreme Court] 1.030(8)(a). The Court of Appeals cannot overrule the established precedent set by the Supreme Court or its predecessor Court." *Smith v. Vilvarajah*, 57 S.W.3d 839, 841 (Ky. App. 2000).

Johnson argues that KRS 342.730(4), the 2018 provision terminating benefits when an employee reaches the age of seventy, should not be applied retroactively in her case because it is not remedial. She acknowledges that the version of KRS 342.730(4) which was in effect at the time of her injury would also have limited her benefits by terminating them upon the date on which she qualifies for normal old-age Social Security retirement benefits. This latter provision was held to be unconstitutional in *Parker v. Webster County Coal, LLC (Dotiki Mine)*, 529 S.W.3d 759, 769-70 (Ky. 2017). Johnson argues that this provision could be

-4-

severed from the rest of the statute and that the duration of her benefits should be controlled by KRS 342.730(1), which contains no age limitation.

We agree with the Board that we are bound in this matter by the Kentucky Supreme Court's opinion in *Holcim*, *supra*, which states that the 2018 amendment of KRS 342.730(4) applies retroactively to those cases which "have not been fully and finally adjudicated, or are in the appellate process, or for which time to file an appeal [h]as not lapsed, as of the effective date of this Act." *Holcim*, 581 S.W.3d at 44. The effective date of the statutory amendment was July 14, 2018. On that date, Johnson's motion to reopen, which she filed on May 12, 2016, was still pending before the ALJ. Consequently, her case had not been fully and finally adjudicated and the amendment terminating her benefits when she reaches the age of seventy must be applied.

Next, Johnson argues that the retroactive application of the amendment is unconstitutional as violative of the contracts clause of the United States and Kentucky Constitutions and as an exercise of arbitrary power in contravention of Section 2 of the Kentucky Constitution.

As noted, this appeal was held in abeyance pending the finality of two opinions of the Kentucky Supreme Court which addressed precisely these issues. In *Dowell v. Matthews Contracting*, 627 S.W.3d 890 (Ky. 2021), the Supreme Court rejected the appellants' argument that the amended version of KRS

342.730(4) violated the Contracts Clause of both the United States and Kentucky Constitution, expressly stating that the Workers' Compensation Act "does not constitute a contract between Kentucky workers and their employers or the state. Instead, the [Act] is a statutory scheme that may be amended as the General Assembly chooses, provided it fits within our constitutional framework." *Id*. at 894-95. The Court stressed that the Act "provides only statutory rights, not contractual ones." *Id*. at 895.

Johnson's argument that the retroactive application of the amended statute constitutes an arbitrary exercise of power in violation of Section 2 of the Kentucky Constitution was addressed and rejected by the Supreme Court in *Cates v. Kroger*, 627 S.W.3d 864, 871-72 (Ky. 2021). There, the Court found "no arbitrary exercise of legislative authority in the retroactive application of the amendment." *Id*. at 871. It deferred to the power of the legislature to "amend the law and make the change applicable to pending cases, even when the amendment is outcome determinative." *Id*.

Under the foregoing clear and unambiguous Kentucky Supreme Court precedent, we affirm the opinion of the Board.


ALL CONCUR.

BRIEF FOR APPELLANT:

Wayne C. Daub
Louisville, Kentucky

BRIEF FOR APPELLEE
ATTORNEY GENERAL OF
KENTUCKY:

Matthew F. Kuhn
Solicitor General

Brett R. Nolan
Principal Deputy Solicitor General

Alexander Y. Magera
Assistant Solicitor General
Frankfort, Kentucky